Filed 8/20/14  P. v. Lopez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058762 |
| v. | (Super.Ct.No. RIF1204930) |
| JOE LOUIS LOPEZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed with directions.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

1

In exchange for an indicated sentence of nine years in state prison, defendant Joe Louis Lopez, Jr., pleaded guilty to one count of burglary and two counts of exhibiting a deadly weapon. Further, he admitted he had suffered four prison priors, one of which was also deemed a serious prior offense and a serious and violent felony for purposes of sentencing.

In this appeal, defendant contends the trial court erred by not conducting a *Marsden*[1] hearing to determine whether his dissatisfaction with his appointed counsel—for failing to file a *Romero*[2] motion to strike a 1990 serious and violent felony conviction for first degree burglary, and apparently for not objecting to a witness identification of defendant by prosecution witnesses outside the presence of defendant's appointed attorney—warranted appointment of a new attorney. Defendant also argues the trial court erred in sentencing him to a nine-year prison sentence under the mistaken belief that it was the lowest possible prison term available.

We conclude the trial court conducted an adequate inquiry into the prepreliminary examination identification. The trial court also correctly concluded that, in light of defendant's extensive criminal history, it could not have stricken the 1990 first degree burglary conviction for purposes of sentencing. Therefore, the court was not required to conduct further inquiry into whether new counsel should have been appointed. Moreover,

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

because the trial court could not have stricken the 1990 strike prior, the trial court correctly concluded the lowest possible sentence available was nine years.

However, in supplemental briefs, the parties agree the trial court entered an unauthorized sentence when, in order to achieve the nine-year indicated sentence, it stayed instead of striking four one-year prison prior enhancements. We therefore order the trial court to strike the four prison prior enhancements, and we affirm the judgment as corrected.

## I.

## FACTS

The People charged defendant by information with one count of burglary (Pen. Code,[3] § 459, count 1) and two misdemeanor counts of exhibiting a deadly weapon (Pen. Code, § 417, subd. (a)(1), counts 2 & 3). The People alleged defendant suffered four prison priors for purposes of sentencing (Pen. Code, § 667.5, subd. (b)), to wit: (1) first degree burglary on July 20, 1990 (Pen. Code, § 459); (2) second degree burglary on October 28, 1996 (Pen. Code, § 459); (3) possession of a controlled substance on August 15, 2005 (Health & Safe. Code, § 11377), and (4) receiving a stolen vehicle on May 15, 2009 (Pen. Code, § 496d, subd. (a)). Finally, the People alleged defendant's July 20, 1990 conviction for first degree burglary was a serious felony (Pen. Code, § 667,

---

[3] Unless otherwise indicated, all undesignated statutory references are to the Penal Code.

subd. (a)), and a serious and violent felony (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

On the day of trial, defendant chose to plead guilty to all counts and to admit all special allegations for an indicated sentence of nine years in state prison. Defendant admitted he unlawfully entered an inhabited dwelling with the intent to commit a theft and admitted he brandished a knife at two victims. The trial court found a factual basis for the plea. The court then accepted defendant's guilty plea to the three counts alleged in the information, and accepted his admission to the special allegations.

On March 15, 2013, the date originally set for sentencing, defendant's appointed counsel informed the court that defendant wished to address the court, in what counsel stated would be "tantamount to a *Sanchez*[4] hearing." Defendant submitted a handwritten "Affidavit of Statement" to the court, in which he claimed his Sixth Amendment right to confront his accusers had been violated during his preliminary examination. Defendant stated he saw the district attorney identify him to two witnesses before they testified, and he argued his due process rights were violated because his public defender was not present. In support of this argument, defendant submitted an affidavit from another inmate who was present in the courtroom and also witnessed the supposed "line up." Finally, defendant argued that on December 27, 2012, he had asked his public defender to file "a *Romero* motion," but his attorney declined to do so, telling

---

[4] An apparent reference to *People v. Sanchez* (2011) 53 Cal.4th 80.

4

defendant Judge Hernandez[5] already indicated he would deny such a motion. Defendant did not expressly state he was dissatisfied with his appointed counsel and did not ask the court to appoint new counsel for him. But, he cited two decisions of the United States Court of Appeals (2d Cir. & D.C. Cir.) for the propositions that a criminal defendant has a Sixth Amendment right to effective assistance of counsel, and that a trial court must inquire into the reasons for a defendant's dissatisfaction when he voices a seemingly substantial complaint about his appointed attorney.

Defendant informed the court of his concern about the district attorney identifying him to the witnesses prior to the preliminary examination. "I took it as violating my Sixth Amendment right—without having my counsel in there." Defendant also addressed his apparent wish that he be permitted to move to strike his 23-year-old burglary conviction. "I'm just trying to get a *Romero* motion—or my strike's 23 years old—or try to get my [strike] stricken."

With respect to the prepreliminary examination identification, the prosecutor informed the court he had met with his two witnesses 30 minutes before the hearing began, which he believed was not a violation of defendant's Sixth Amendment right to confront witnesses. The trial judge put the matter over so he could review defendant's written submission.

---

[5] Judge Hernandez arraigned defendant on the complaint and information, and presided over some of defendant's other pretrial hearings.

At defendant's continued sentencing hearing on March 19, 2013, the trial court addressed defendant's assertion that the district attorney violated his Sixth Amendment rights by having the witnesses identify defendant before the preliminary examination. The court analogized the identification to an eyewitness identification "in the field," which is permissible. With respect to defendant's assertion that his appointed attorney did not file a *Romero* motion because Judge Hernandez indicated he would not grant it, the trial judge stated, "I have to tell you, in all honesty, I'm not able to strike it either." Defendant responded he did not understand how Judge Hernandez would not honor a request that had not yet been made. The trial judge explained he could only strike defendant's 1990 burglary conviction if he found defendant fell outside the spirit of the three strikes law. Because of defendant's additional prison commitments in subsequent years, and his extensive criminal history, the trial judge stated he would likely be reversed on appeal if he were to strike the 1990 prior.

With respect to the indicated sentence, the trial court explained to defendant that the lowest possible sentence available was nine years. This consisted of: (1) the low term of two years for defendant's burglary conviction under count 1 (§ 459), doubled pursuant to the two strikes law based on defendant's 1990 serious and violent conviction for first degree burglary (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)); plus (2) a five-year sentence enhancement for defendant's 1990 serious felony conviction (§ 667, subd. (a)). In contrast, the court stated that, if it were to strike defendant's 1990 strike prior and not double defendant's burglary conviction pursuant to the two strikes law, it would sentence defendant to 12 years in state prison. The court explained it would arrive

6

at this sentence by imposing: (1) the middle term of four years for the current burglary conviction; (2) three one-year enhancements for three of defendant's prison priors; and (3) a five-year enhancement for defendant's 1990 serious felony conviction. The court then added, "[s]o, bottom line, . . . it doesn't get any better than nine years."

After some additional discussion, the court sentenced defendant to nine years in state prison according to the indicated sentence, stayed the sentence on the four one-year prison prior enhancements, and sentenced defendant to six months for each of defendant's misdemeanor convictions under counts 2 and 3, to run concurrently to the sentence on the burglary count.[6]

## II.

## DISCUSSION

## A.

## THE TRIAL COURT CONDUCTED AN ADEQUATE *MARSDEN* INQUIRY

"When a criminal defendant seeks substitution of counsel [pursuant to *Marsden*] on the ground that appointed counsel is providing inadequate representation, a trial court must give the defendant an opportunity to explain the reasons for the request. [Citations.] Although no formal motion is necessary, there must be 'at least some clear indication by defendant that he wants a substitute attorney.'" (*People v. Mendoza* (2000) 24 Cal.4th

---

[6] As the People pointed out in their supplemental brief, the minutes of sentencing and abstract of judgment erroneously indicate that a six-year sentence was imposed on count 3, instead of the six-month term the trial judge imposed orally. We will direct the trial court to correct the minutes and abstract of judgment accordingly.

7

130, 156-157.) "[T]he court must permit [the defendant] to explain the basis of her [or his] contention and to relate specific instances of inadequate performance. The court must appoint a new attorney if the record clearly shows the current attorney is not providing adequate representation or that the defendant and counsel have such an irreconcilable conflict that ineffective representation is likely to result. [Citations.] If the court holds an adequate hearing, its ruling is reviewed for abuse of discretion. [Citation.]" (*People v. Rodriguez* (2014) 58 Cal.4th 587, 623.)

Defendant contends the trial court erred prejudicially by not conducting a meaningful inquiry into his dissatisfaction with his appointed counsel, as mandated by *Marsden*. As a threshold matter, there is some doubt whether defendant did, in fact, want a new attorney, such that *Marsden* was triggered in the first place. As noted, in his written "Affidavit of Statement," defendant argued his Sixth Amendment confrontation clause rights and his due process rights were violated when the district attorney identified defendant to two witnesses before the preliminary examination, outside the presence of defendant's public defender. Defendant made no statements in his written submission or in open court to the effect that he wanted new counsel because of the prepreliminary examination identification. Likewise, although defendant cited a federal appellate decision about a trial court's obligations to inquire into a defendant's dissatisfaction with his appointed counsel,[7] defendant did not state in his written affidavit or in open court that he wanted a new attorney based on his public defender's refusal to file a *Romero*

---

[7] *United States v. Simeonov* (2d Cir. 2001) 252 F.3d 238, 241-242.

8

motion.  Instead, defendant appeared to express his wish that he be permitted to make such a motion by stating, "I'm just trying to get a *Romero* motion."

In any event, assuming defendant did clearly indicate his desire for appointment of new counsel, we conclude the trial court conducted an adequate inquiry into the reasons for defendant's dissatisfaction and was not required to inquire further whether new counsel should be appointed.  The trial court permitted defendant to sufficiently air his grievance about the prepreliminary examination identification.  Defendant told the court he saw the district attorney "open[] the blinds" in the back of the courtroom and identify him to two witnesses, which defendant "took . . . as violating [his] Sixth Amendment right—without having [his] counsel in there."  Defendant told the court neither he nor his public defender knew what the district attorney said to the two witnesses, but he felt the identification violated his rights because, without such coaching, the witnesses might not have been able to identify defendant on the witness stand.  The trial court explained to defendant that the identification was similar to a "one-person lineup," which is permissible and, in any event, the identity of the perpetrator was not an issue in this case because defendant had taken responsibility for the offense.  Indeed, the court opined that the district attorney would have been incompetent had he not spoken to his witnesses prior to the preliminary examination.  No further inquiry was necessary.

With respect to *Romero*, the trial judge articulated the issue  as "your attorney [did] not bring[] up a *Romero* motion and you indicated that Judge Hernandez wouldn't strike [the prior conviction] and you . . . hoped that I would . . . ."  When the trial judge indicated that he too would not grant such a motion, defendant said his public defender

9

"told me that [Judge] Hernandez wasn't going to honor [the motion]." And defendant continued, "But I don't understand. [Judge Hernandez isn't] going to honor something that he do[esn't] even know [is] written up yet."

In response, the trial judge explained to defendant in some detail why neither he nor Judge Hernandez could have stricken defendant's 1990 strike prior. "The law is real clear in this area. We do these *Romero* motions all the time. . . . [¶] . . . [¶] I'll tell you why I wouldn't be able to strike your strike. And it is true, it's an old one. It's 1990. If there was nothing else on your record, I probably would strike it. But unfortunately you've picked up—I don't have your full rap sheet, but I see that six years later, you had another prison commitment for another burglary. It was a second-degree burglary. And then you went it looks like nine years, and then you had a drug case that resulted in another prison commitment in 2005. And then four years later you had another receiving stolen property conviction which also resulted in prison." Because defendant had "so many subsequent convictions, all going to prison," the judge said he could not make a finding "that you're outside the spirit of three strikes." In fact, the judge told defendant he would likely be reversed on appeal if he were to strike the 1990 prior. The judge said he might have been able to strike the prior had defendant "went a series of years without any further criminal activity," because "at some point it [would] be remote enough that it could be [stricken]. But we're not there yet." Finally, the judge explained to defendant that the nine-year indicated sentence was the lowest prison term available to defendant, and if the court were to strike the 1990 prior, the judge would sentence defendant to 12 years. Defendant reluctantly accepted this explanation.

10

Again, it is not entirely clear whether defendant did, in fact, want a new attorney. From his statements, it appears defendant did not understand why Judge Hernandez refused to "honor" a *Romero* motion before one was even filed, and expressed his continued desire to file one. Defendant made no statements indicating he had a real or potential conflict with his public defender over her refusal to file a motion that she apparently viewed as futile. But even if defendant's statements could be construed as an implied request for appointment of new counsel, the trial court's inquiry was adequate under the circumstances. Contrary to defendant's suggestion in his opening brief, the trial court did not need to inquire further of defendant or of appointed counsel to ascertain the reasons for counsel's failure to file a *Romero* motion. Defendant stated those reasons clearly on the record. Further inquiry from counsel would not have likely amplified the record before the trial judge.

Nor do we find any prejudice from the trial court not inquiring further because it correctly ruled a *Romero* motion would have been futile. (Cf. *People v. Gonzalez* (2012) 210 Cal.App.4th 724, 743-744 [defendant did not show trial court erred prejudicially by denying his request to withdraw self-representation and for reappointment of counsel because defendant did not show reappointed counsel would have prevailed on a *Romero* motion].) "[A] 'court's discretion to strike prior felony conviction allegations in furtherance of justice is limited' and that exercise of such discretion requires 'strict compliance with section 1385[, subdivision] (a), and is subject to review for abuse.'" (*People v. Wallace* (2004) 33 Cal.4th 738, 747.) "'[N]o weight whatsoever may be given to factors extrinsic to the [Three Strikes] scheme' and . . . 'the court in question must

11

consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.'" (*Id.* at pp. 747-748, quoting *People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

When reviewing the denial of a *Romero* motion, "'"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."'" [Citation.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

As the trial judge stated on the record, defendant suffered a prison prior a little over six years after his 1990 strike prior, suffered an additional prison prior nine years later, and suffered his fourth prison prior a mere four years later. But defendant's criminal history did not merely consist of those four prior convictions. In its pretrial report filed for defendant's arraignment and bail hearing, the probation department

12

reported defendant had an extensive criminal history which, in addition to the admitted priors, included: (1) May 14, 1990, misdemeanor convictions for second degree burglary (Pen. Code, former § 461.2) and petty theft (Pen. Code, §§ 484, 488); (2) a December 21, 1990, felony conviction for burglary (Pen. Code, § 459) (just over five months after defendant suffered his strike conviction); (3) a January 12, 1995, misdemeanor conviction for possession of a controlled substance (Health & Saf. Code, § 11550); (4) a September 16, 2005, felony conviction for sale or transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)); and (4) a September 12, 2008, misdemeanor conviction for vandalism (Pen. Code, § 594, subd. (a)(2)). In other words, considering defendant's lengthy and extensive criminal history, the trial court reasonably concluded defendant fell within the spirit of the three-strike sentencing scheme.

We disagree with defendant's suggestion that the facts of his most recent convictions would have weighed in favor of striking his 1990 burglary conviction. True, defendant burglarized an unoccupied residence in broad daylight and only managed to steal a box containing costume jewelry. But when confronted, defendant displayed a deadly weapon in a threatening manner to two victims. That defendant may have been under the influence at the time of the burglary, would not weigh in favor of striking the 1990 prior when balanced against defendant's extensive and prolonged criminal history.

Defendant's reliance on *People v. Bishop* (1997) 56 Cal.App.4th 1245 (*Bishop*) does not alter our result. In that case, the People appealed from an order striking two strike priors, and the appellate court affirmed the order. (*Id.* at pp. 1247, 1251.) In so doing, the appellate court indicated the nature of the present crime and the remoteness of

13

the defendant's prior violent offenses operated to mitigate his three-strike sentence. (*Id*. at pp. 1250-1251.) However, *Bishop*'s analysis was impliedly abrogated by *Williams*, which limits a trial court's discretion to matters intrinsic to the three-strike sentencing scheme. (*Williams*, *supra*, 17 Cal.4th at p. 161.) The three strikes law provides, "[t]he length of time between the prior serious and/or violent felony conviction and the current felony conviction shall not affect the imposition of sentence." (§ 667, subd. (c)(3).) Thus, remoteness does not take a defendant outside the spirit of the very law that expressly rejects remoteness as a basis for avoiding the law.

In any event, *Bishop* is distinguishable. "The *Bishop* holding does not establish that had the trial court denied Bishop's motion such a decision would have been arbitrary or irrational. [Citation.] Rather, the holding only establishes that the trial court did not abuse its discretion in striking the two prior felony convictions. [Citation.] [¶] The Court of Appeal in *Bishop* indicated that it might have denied Bishop's motion had it been the trial court. [Citation.] The *Bishop* court stated, 'While the People and perhaps even this court may be of the opinion that Bishop appears undeserving of leniency, the paramount consideration is not what the prosecution, defense or appellate court might conclude. Rather, what counts is what the trial court in this case concluded, as expressed by the reasons it stated . . . .' [Citation.] A comparison only demonstrates that reasonable people might disagree." (*People v. Romero* (2002) 99 Cal.App.4th 1418, 1434 [Fourth Dist., Div. Two].)

14

In sum, we conclude the trial court conducted an adequate inquiry into defendant's dissatisfaction with his appointed counsel and did not abuse its discretion by not inquiring further.

B.

THE TRIAL COURT ENTERED AN UNAUTHORIZED SENTENCE

Defendant contends the trial court erred by concluding the lowest possible sentence available to defendant was nine years in state prison. According to defendant, the court erroneously believed it could not strike the 1990 burglary strike, to avoid doubling the sentence on defendant's current burglary conviction. We have already concluded the trial judge was correct in its view that, given defendant's extensive criminal history, neither he nor Judge Hernandez could have found defendant to fall outside the spirit of the three strikes law, so the trial court did not abuse its discretion when it concluded it could not reach a lower indicated sentence than nine years in state prison.

However, we directed the parties to submit supplemental briefs to address whether the trial court imposed an unauthorized sentence when it stayed the four one-year prison prior enhancements. The parties responded that the trial did impose an unauthorized sentence, and this court should order the trial court to strike the prison priors. We agree.

When a prison prior is pleaded and proven, the trial court must either impose a one-year enhancement or strike it pursuant to section 1385—the court cannot simply stay the enhancement. (§ 667.5, subd. (b); *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1561-1562; *People v. McCray* (2006) 144 Cal.App.4th 258, 267-268.) A sentencing

15

court may not impose a one-year prison prior enhancement under section 667.5, subdivision (b), when the same prior conviction is used to impose a five-year serious felony enhancement under section 667, subdivision (b). The court must strike the one-year enhancement and may not simply stay it. (*People v. Perez* (2011) 195 Cal.App.4th 801, 805.)

Here, the trial court imposed a five-year sentence enhancement for defendant's admitted 1990 burglary conviction, but stayed imposition of a one-year prison prior enhancement for the same 1990 conviction. The court also stayed imposition of one-year sentence enhancements for the three remaining admitted prison priors. This was error, and it resulted in an unauthorized sentence. Rather than remand for the trial court to exercise its discretion to impose or strike the section 667.5, subdivision (b), prison prior enhancements, we order them stricken pursuant to section 1385.

Finally, in its supplemental brief, the People directed our attention to an error in the minutes of sentencing and the abstract of judgment. In its oral pronouncement of sentence, the trial court sentenced defendant to six months for defendant's misdemeanor convictions under counts 2 and 3, to be served concurrently with the sentence in count 1. The minutes and abstract of judgment accurately reflect a six-month sentence on count 2, but incorrectly reflect a six-*year* sentence on count 3. "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls. [Citations.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) On our own motion, we may correct clerical errors in the record to accurately reflect the oral pronouncement of judgment. (*People v. Mitchell* (2001) 26

16

Cal.4th 181, 185.)  Therefore, we will direct the superior court to correct the minutes and abstract of judgment accordingly.

## III.

## DISPOSITION

The superior court is directed to strike the four one-year enhancements under section 667.5, subdivision (b), pursuant to section 1385, and to correct the sentencing minute order and the abstract of judgment to reflect a six-month sentence for count 3.

The superior court clerk shall forward the corrected minutes and abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


RICHLI
J.


MILLER
J.

17