[No. B106237. Second Dist., Div. One. Aug. 4, 1997.]

THE PEOPLE, Plaintiff and Appellant, v.
LELAND CLARK BISHOP, Defendant and Respondent.

COUNSEL

Gil Garcetti, District Attorney, George M. Palmer, Diana L. Summerhayes and Natasha S. Cooper, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Elizabeth Warner-Sterkenburg and Alex Ricciardulli, Deputy Public Defenders, for Defendant and Respondent.

OPINION

MASTERSON, J.—The discretionary decision whether to dismiss a "strike" in furtherance of justice requires consideration of the legitimate interests of society and of the defendant. Appellate review of that decision is limited. In this opinion, we reject the People's argument that the trial court abused this discretion by failing to give the proper weight to "aggravating factors" as balanced against factors favoring leniency. Accordingly, we affirm an order dismissing strikes in furtherance of justice.

### BACKGROUND

Leland Clark Bishop was charged by information with petty theft with a prior theft-related conviction that resulted in incarceration. (Pen. Code, § 666; all further undesignated section references are to the Penal Code.) The information further alleged that he had sustained eight prior convictions (later reduced to six) for which he had served prison terms (§ 667.5, subd.

(b)) and three prior convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[1]

Before the start of trial, Bishop requested that the court exercise its discretion to dismiss two of his strikes "in furtherance of justice" under section 1385, subdivision (a).[2] He noted that the instant prosecution was based on his theft of six videocassettes from a Thrifty Drug Store. He was 50 years old, and his lifetime of crime was directed toward supporting his drug use.[3] Bishop argued that he was deserving of leniency because his convictions involving violence were remote in time and his present offense was "petty." Moreover, as a second strike defendant, he would still receive the very substantial state prison sentence of 12 years, thereby precluding his release until he is almost 60 years of age.[4]

The prosecutor responded that Bishop was the type of offender the electorate had in mind when enacting the three strikes law. He had never successfully completed parole and was thus already doing a life sentence, albeit on the installment plan. Indeed, the present theft was committed within three days of Bishop's most recent discharge from state prison.

The trial court took the matter under submission. At a continued hearing the court stated that it had "spent a great deal of time cogitating the issue and reviewing the matter and reviewing the record." It then dismissed two of Bishop's strikes in furtherance of justice for the following reasons: "Strikes are remote (17 to 20 years old) and the nature of the current crime is non-violent. Penalty of 12 years seems appropriate." The court further commented that the 12-year sentence would "stop the revolving door of this defendant because it will keep him in prison for a significant period of time . . . ."

---

[1]1969—robbery (strike No. 1)
1979—robbery with use of a firearm and assault (strikes Nos. 2 and 3)
1982—battery of a custodial officer
1987—petty theft with a prior
1988—petty theft with a prior
1991—petty theft with a prior
1993—petty theft with a prior and commercial burglary

[2]Section 1385, subdivision (a), provides in pertinent part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes."

[3]In addition to the prior convictions alleged in this case, Bishop had been convicted of other theft offenses and had sustained a federal drug conviction in the mid-1960's for which he had been incarcerated.

[4]Under the three strikes law, credits are limited to one-fifth of the total term of imprisonment. (§§ 667, subd. (c)(5), 1170.12, subd. (a)(5).)

Bishop thereafter entered a plea of guilty to the charged theft and admitted six prior convictions under section 667.5, subdivision (b). He was sentenced to the upper term of three years for theft, doubled under the three strikes law to six years, plus six consecutive one-year enhancements for his prior convictions, for a total term of twelve years.

## DISCUSSION

■ Section 1385, subdivision (a), permits a dismissal by the trial court "in furtherance of justice." As recently stated by our Supreme Court, " ' "[The] language of [section 1385], 'in furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People*, in determining whether there should be a dismissal. . . ." . . . At the very least, the reason for dismissal must be "that which would motivate a reasonable judge." . . .' . . . 'Courts have recognized that society, represented by the People, has a legitimate interest in "the fair prosecution of crimes properly alleged." . . . " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' . . ." ' . . . [¶] From these general principles it follows that a court abuses its discretion if it dismisses a case, or strikes a sentencing allegation, solely 'to accommodate judicial convenience or because of court congestion.' . . . A court also abuses its discretion by dismissing a case, or a sentencing allegation, simply because a defendant pleads guilty. . . . Nor would a court act properly if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' " (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530-531 [53 Cal.Rptr.2d 789, 917 P.2d 628], italics in original, citations omitted; accord, *People v. Dent* (1995) 38 Cal.App.4th 1726, 1731 [45 Cal.Rptr.2d 746].)

Soon after *Romero* was decided, the Supreme Court in *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968 [60 Cal.Rptr.2d 93, 928 P.2d 1171] discussed the standard by which an appellate court should determine whether there has been such an abuse. ■ In *Alvarez*, the court held that a trial court's authority under section 17, subdivision (b), to declare "wobbler" offenses to be misdemeanors was not abrogated by the three strikes law. ■ The court further noted that, "[o]n appeal, two additional precepts operate: 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. . . . In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' . . . Concomitantly, '[a] decision will not be reversed merely because reasonable people

might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.". . .' "[5] (*People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th at pp. 977-978, citations omitted.)

■ The People acknowledge that the exercise of discretion in this case was not based on impermissible factors such as judicial convenience or antipathy for the three strikes law, but was instead the result of individualized consideration of Bishop's background and present circumstances. The People contend, however, that the trial court erred in dismissing strikes because its reasons for doing so "[did] not outweigh the aggravating factors." The contention is unavailing.

A trial court weighs aggravating and mitigating factors when it faces the discretionary decision of which of three possible terms to impose under the determinate sentencing law. (§ 1170, subd. (b) [trial court mandated to impose a middle term "unless there are circumstances in aggravation or mitigation . . . that justify imposition of the upper or lower term"].) That traditional weighing process occurred here when the trial court sentenced Bishop to the upper term of three years for the present offense, based on the aggravating factor of his prior record. Nonetheless, as stated in *People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th at page 978, "[S]ince all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' [Citations.]" Thus, the flaw in the People's position is not in approaching the analysis in terms of weighing factors, but in failing to accord the trial court the breadth of discretion that it has traditionally possessed under section 1385.

As in the trial court, the People assert that the key to the sentencing calculus is that Bishop's lengthy record renders him "the very type of recidivist offender that the Three Strikes Law intended to punish." While this is unquestionably true, it merely begs the question. Every defendant who appears for sentencing with two strikes against him is deserving of a prison sentence of at least twenty-five years to life. But some of those defendants may also be deserving of a lesser punishment. This is precisely what section 1385 and *Romero* are all about.

To be sure, once a defendant has qualified for three strikes sentencing, the number of his prior convictions operates as a factor in aggravation, as may

---

[5]Although these words were set forth in a portion of the opinion that also referred to a distinction between the scope of discretion available under sections 17, subdivision (b), and 1385, subdivision (a), the basic rule that the words espouse is not affected by that distinction.

the nature of his prior and present crimes and the timing with which they were committed. However, the nature and timing of a defendant's crimes may also operate as mitigation, such as in this case where the present crime is a petty theft and the prior violent offenses are remote. The length of sentence to be imposed also presents an open-ended inquiry because, when considered in conjunction with the defendant's age, it presents the trial court with an opportunity to evaluate factors such as how long the state maintains an interest in keeping the defendant as a public charge and after what period of incarceration he is no longer likely to offend again.

Bishop is not a worthy member of society. But when his misdeeds are compared with those of the far too many violent recidivists in this state, he is not the worst we have seen. While the People and perhaps even this court may be of the opinion that Bishop appears undeserving of leniency, the paramount consideration is not what the prosecution, defense or appellate court might conclude. Rather, what counts is what the trial court in this case concluded, as expressed by the reasons it stated under section 1385, subdivision (a). On this record, we cannot say that the trial court's decision to dismiss two of Bishop's strikes in furtherance of justice constituted an abuse of discretion.

### DISPOSITION

The order under review is affirmed.

Spencer, P. J., and Ortega, J., concurred.