Filed 1/30/14  P. v. Dixon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C073800 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F06831) |
| v. | |
| ALEXANDER REY DIXON et al., | |
| Defendants and Appellants. | |

A jury convicted defendants Alexander Rey Dixon and Francisco Javier Nunez of assault with a deadly weapon, to wit, a sharp instrument, and by means of force likely to produce great bodily injury while in state prison (Pen. Code, § 4501;[1] count one) and possession of a sharp instrument while confined in prison (§ 4502, subd. (a); Dixon, count two; Nunez, count three).  In bifurcated proceedings, the trial court found that each defendant had two strike priors.  (§§ 667, subds. (b)-(i), 1170.12.)

_____

[1] Undesignated section references are to the Penal Code.

1

At sentencing on May 13, 2013, the trial court imposed a 25-year-to-life term on count one for each defendant, to run consecutively to the term they were then serving. The court stayed (§ 654) a 25-year-to-life term on count two (Dixon) and count three (Nunez).

Defendants appeal. Defendants contend they were entitled to be sentenced on counts two/three under the Three Strikes Reform Act of 2012 (§§ 667, 1170.12, 1170.126; Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012); hereafter Three Strikes Reform Act). The People concede. We agree and will remand for resentencing on counts two and three. Defendant Dixon also contends that the trial court abused its discretion in failing to strike one of his strike priors. We reject this contention.

## FACTS

On May 1, 2011, defendants Dixon and Nunez, inmates at a state prison, charged at inmate Lance Melendez and repeatedly stabbed him on his head and upper body. Defendants did not comply with an order for all inmates to get down. Officers fired foam batons and one struck defendant Nunez who then got on the ground. An officer set off a dispersion grenade near defendant Dixon and Melendez. Dixon then complied with the order to get down. A video recording showed only defendants were involved in the assault. Two sharp metal weapons were found in the area of the assault.

## DISCUSSION

### I

The Three Strikes Reform Act amended sections 667 and 1170.12, limiting three strikes sentencing on a current conviction for a serious or violent felony or where the prosecution pleads and proves certain circumstances. The amendments became effective November 7, 2012. Defendants were tried and convicted after the effective date of the Three Strikes Reform Act so they are not subject to 25-year-to life terms for convictions for felonies that are neither serious nor violent. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.) Possession of a sharp instrument while in prison is not a

2

serious or violent felony. (§§ 667.5, subd. (c), 1192.7, subd. (c).) The prosecution did not plead circumstances in connection with the possession offense to constitute an exception to the new limit on a three strikes sentence. While the trial court properly sentenced defendants on the assault offense under the three strikes scheme, the trial court should have sentenced defendants under the second strike scheme for their respective possession offenses (counts two/three). We will remand for resentencing on counts two/three.

II

Defendant Dixon contends the trial court abused its discretion in denying his request to strike a strike prior. (§ 1385; *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.) We disagree.

A trial court has the discretion to strike a strike prior only if the defendant falls outside the spirit of the three strikes law. (§ 1385; *People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) The court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams,* at p. 161.)

We will not reverse the ruling on a *Romero* request for an abuse of discretion unless the defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Reversal is justified where the trial court was "not 'aware of its discretion' " to strike a strike prior or "considered impermissible factors" to support its refusal to do so. (*Id*. at p. 378.) But where the trial court " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling . . . ' [citation]." (*Ibid.*)

In denying defendant's request to strike a strike prior, the trial court noted defendant Dixon's criminal history and found that his record reflected "significant criminal conduct that threatened the community" and that defendant Dixon was a "danger to the community." The court opined that defendant Dixon was attempting to kill the victim in the current case.

Defendant Dixon argues the trial court abused its discretion in denying his request. He relies on *People v. Bishop* (1997) 56 Cal.App.4th 1245 (*Bishop*), noting that his two strike priors occurred in a single incident and, had a strike prior been stricken, he would have still served a lengthy sentence. Such reliance is misplaced. Fifty-year-old Bishop was convicted of petty theft with a prior theft-related conviction for shoplifting six videocassettes. He had three strike priors. Notwithstanding Bishop's many convictions since committing the strike offenses, the trial court dismissed two strike priors, reasoning that the strike priors were remote in time (17 to 20 years old), the current offense was nonviolent, and a 12-year sentence would keep Bishop in prison for a significant period of time. (*Id.* at pp. 1247-1249, & fns. 1, 3.) *Bishop* affirmed, commenting: "Bishop is not a worthy member of society. . . . While the People and perhaps even this court may be of the opinion that Bishop appears undeserving of leniency, the paramount consideration is not what the prosecution, defense or appellate court might conclude. Rather, what counts is what the trial court in this case concluded, as expressed by the reasons it stated under section 1385, subdivision (a). On this record, we cannot say that the trial court's decision to dismiss two of Bishop's strikes in furtherance of justice constituted an abuse of discretion." (*Id.* at p. 1251.)

Here, the 25-year-old defendant Dixon had been an active gang member since the age of 15 years. He was adjudged a ward of the court when he was 17 years of age for possession of a concealed firearm, a felony, and was granted probation. Defendant was convicted in 2007 of assault with a deadly weapon (§ 245, subd. (a)(1)) with personal use of a firearm (§ 12022.5, subd. (a)). The offense was committed for the benefit of the

4

gang. (§ 186.22, subd. (b).) The probation report reflected that defendant had flashed a gang sign at a nongang acquaintance with whom defendant had had problems. Defendant pulled out a gun and fired at the victim as he drove past, striking the trunk of the victim's car. Defendant was sentenced to state prison for an aggregate term of 22 years. Two years before, defendant shot at a victim who caught defendant spraying graffiti on a public wall. He was convicted of carrying a concealed firearm (former § 12025, subd. (b)(1)), committing the offense for the benefit of a gang (§ 186.22, subd. (a)), and was sentenced to a four-year term to run concurrently to his 22-year term. Defendant admitted to the probation officer that he had a lengthy juvenile record which included vandalism at 14 years of age with 36 days in juvenile hall, grand theft auto and domestic violence at 15 years of age, and that he had 10 violations of probation for escape from placement and theft. While in the Department of Corrections and Rehabilitation since 2007, defendant had refused a direct order and possessed contraband. The prosecutor reported that since the current offense, defendant had twice participated in a riot. Defendant began using alcohol and marijuana at the age of 13 years and methamphetamine at the age of 14 years.

Defendant Dixon is, as the trial court found, a "danger" to society. His criminal conduct, including his current offense, in his relatively short life has been extremely violent and not remote as in *Bishop*. The trial court concluded defendant Dixon was not deserving of leniency. We do not find any abuse of discretion.

## DISPOSITION

The sentences on counts two (Dixon) and three (Nunez) are vacated and the matters are remanded to the trial court for resentencing on those counts.  In all other respects, the judgments are affirmed.

      BLEASE     , Acting P. J.

We concur:

      ROBIE     , J.

      BUTZ     , J.