Filed 5/27/15  P. v. Torres CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRES TORRES,<br><br>    Defendant and Appellant. | A141443<br><br>(Sonoma County<br>Super. Ct. No. SCR-628168) |

Appellant Andres Torres was convicted, pursuant to a plea agreement, of felony hit and run with injury.  On appeal, he contends the trial court abused its discretion when it denied his motion to dismiss a prior strike conviction.  We shall affirm the judgment.

## PROCEDURAL BACKGROUND

On December 20, 2012, appellant was charged by felony complaint with felony hit and run resulting in injury.  (Veh. Code, § 20001, subd. (a).)  The complaint further alleged that appellant had suffered a prior strike conviction within the meaning of Penal Code section 1170.12.

On March 22, 2013, appellant pleaded guilty to the charges, with the understanding that he would receive no more than a four-year prison term and that he would file a motion to dismiss the prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 512.

On January 24, 2014, the trial court denied appellant's *Romero* motion and sentenced him to four years in prison.  On February 7, appellant filed a motion to

1

reconsider his *Romero* motion and sentence.  On March 13, the trial court denied the motion to reconsider and reaffirmed the four-year prison term.

On March 25, 2014, appellant filed a notice of appeal.

<strong>FACTUAL BACKGROUND</strong>[1]

*Current Offense*

On the evening of October 31, 2012, a father was out trick-or-treating with his four-year-old son.  As they walked past a residence with an SUV parked in the driveway, the SUV, driven by appellant, suddenly reversed and struck the child, who was knocked into the street.  Appellant, who was 31 years old at the time, stopped his vehicle momentarily, before speeding across the lawn and fleeing the scene.  The child was transported to a hospital, where he complained of pain in the back of his head and neck stiffness.  A nurse reported that he had a small contusion on the back of his head, but test results were negative for any serious injuries.

The owner of the residence at which the incident occurred told police that he and a friend named "Andres" (later identified as appellant) had engaged in a brief argument before he told appellant to "get out."  The owner also reported that appellant reversed his SUV suddenly, striking the child.

Police subsequently located appellant, who was arrested on February 16, 2013.

Appellant continually denied any knowledge that his vehicle had hit the victim, claiming that the residence's owner was physically attacking him through his driver's side window when he panicked and fled.  None of the several witnesses to the incident reported observing any physical altercation between appellant and the residence's owner.  Appellant stated that he was on "meth, maybe a couple of drinks" at the time of the incident.

---

[1] These facts are taken from the probation department's presentence report.

2

*Prior Strike Offense*

The prior strike conviction was for making a felony criminal threat, pursuant to Penal Code section 422. Appellant suffered that conviction on June 28, 2004. He was also convicted on that date of felony stalking, pursuant to Penal Code section 646.9.

The events underlying these convictions involved a domestic dispute between appellant and his then-girlfriend. Over several days in June 2003, appellant, who was then 21 years old, came to the victim's residence and kicked her in the buttocks and side, and then threw bedding at her before leaving the residence. Appellant returned the next day and struck the victim on the side of her head with his palm, knocking her to the floor. He then kicked her buttocks and legs, pinned her to the floor, and bit her on the left shoulder blade. After the victim punched his arm, appellant removed his belt, whipped her on the buttocks, and left the residence. The following day, appellant again went to the victim's residence, where he locked himself inside the bathroom and refused to leave. He then smashed the victim's telephone before leaving.

The next day, the victim discovered that all of her clothes had been removed from her dresser and closet. She also found a note from appellant that read, " 'You move, I move. . . . You leave, I leave. . . . You die, I die.' " She found another note on a mirror that read, " 'Are you having fun yet? . . . I am not leaving.' " A week later, the victim discovered appellant inside her closet. When she asked him to leave, appellant smashed a vase. Three days later, appellant pushed the victim's door open and entered her residence. He instructed her not to scream and said he was armed with a gun (which was later determined to be a BB gun). He threatened to shoot her if she did not cooperate and also threatened to turn the gun on himself. Appellant then grabbed the victim in a " 'bear hug.' " When the victim attempted to scream, he covered her mouth and nose; forced her onto the bed; held something over her mouth; and kicked her in the face. He also put his thumb in her eye. He then pinned her down on the floor of the bedroom and kicked her side, before the struggle moved to the living room. Police officers arrived and arrested appellant.

3

## DISCUSSION

### *Trial Court's Refusal to Dismiss the Prior Strike Conviction*

Appellant contends the trial court abused its discretion in denying his motion to dismiss his prior strike conviction.

### I. *Trial Court Background*

After he was convicted, but before sentencing, appellant filed a motion requesting that the trial court exercise its discretion to dismiss his prior strike conviction for making a criminal threat under section 422. Counsel argued that appellant's background, the nature of his past offenses and other individualized considerations (see *Romero*, *supra*, 13 Cal.4th at p. 512) supported dismissing the conviction in that, "aside from the 2004 strike conviction, [appellant] has been convicted of two DUIs [driving under the influence] and another hit and run which occurred shortly after this incident.[2] All of these incidents stem from drug and alcohol use and are nonviolent in nature. [Appellant] has successfully completed treatment in the past and recognizes he needs a more long-term structured program to teach him how to remain sober." Counsel further argued that the strike offense occurred 10 years ago while he was very young and under the influence, and that he had not demonstrated any violent behavior before or after that incident. He maintained that the current conviction was "non-violent in nature."

Counsel attached to his motion a letter from the victim in the criminal threat case, in which she wrote that she hoped that appellant "would receive long term treatment, rather than a prison sentence. I feel that he would benefit [from] being in a treatment program that would give him all the positive resources to change his life for the better. I

---

[2] The subsequent hit and run took place on November 7, 2012, approximately a week after the present offense, while appellant was driving on the freeway. He sideswiped another car with the entire right side of his car and fled the scene. He was convicted of a misdemeanor, under Vehicle Code section 20002, subdivision (a), on March 22, 2103. He was also twice convicted of misdemeanor driving under the influence, pursuant to Vehicle Code section 23152, subdivision (b), first on February 15, 2003, and again on April 5, 2008. Appellant's performance on probation was described by the probation department as "mediocre at best."

can see him growing and truly benefiting from that. I have no ill feelings toward him and wish him only the best."

At the January 24, 2014 hearing on appellant's motion, defense counsel stated, as to the prior strike conviction, that appellant was not convicted of any violent act; that he had received only a 60-day jail sentence in that case, which "suggests the lack of severity of the behavior" resulting in the conviction; and that it involved a "domestic dispute" in which appellant, who was young, was breaking up with his girlfriend and acted inappropriately. Counsel also stated that appellant had been employed "in between these issues," that he had tried short-term treatment programs that did not work, and that he was now taking responsibility for what he had done and desired to "get his life together so this doesn't happen again."

The prosecutor responded that it was necessary to weigh what was in the best interests of appellant against what was in the best interests of society, arguing that, "when a defendant stands before the court and shows a pattern of behavior of drinking and driving, of fleeing a scene, of injuring people, three different victims over the course [*sic*], combined with the probation noncompliance, I think he does fall within the three strikes scheme and the court should not reward him by dismissing his prior strike and he should be held accountable with a prison sentence . . . ."

At the conclusion of the hearing, the trial court exercised its discretion to deny the motion to dismiss appellant's strike conviction. It explained: "I think the prior behavior was violent behavior, serious. The criminal threat was serious, and he has had a continuing course of conduct, which is a danger to the community. [¶] In this particular case, at best, by his own admission, he was under the influence of alcohol and methamphetamine and drove in a negligent manner and injured a four-year-old child. And to say that it wasn't a serious injury, the medical records show $34,000 in treatment and [¶] . . . [¶] . . . a head injury is a serious injury for a small child."

Defense counsel then remarked that the child had suffered a contusion, which was not a serious injury, and that the expense was due to the child being kept for observation. Counsel also asserted that the prior strike was not particularly violent since appellant was

5

convicted only of making a terrorist threat, and "the violence in the case was relatively minimal." The court responded, "He beat his partner with a belt," before reiterating its decision not to dismiss the prior strike conviction.

On February 7, 2014, appellant filed a motion for reconsideration. Following a March 13, 2014 hearing, the trial court denied the motion for reconsideration. It stated, inter alia, "if this was just a DUI or a theft or something else, . . . I'd be striking the strike. But here he injured a small child—admittedly not seriously, thank God—but he left the scene after injuring a child. He was so intoxicated he didn't even know he did it. That's a danger to society." When defense counsel stated that the child was not seriously injured, the court responded, "I'm not putting him in [prison] because of the extent of the injury to the child. I'm putting him in because he ran over a child and left."

## II. *Legal Analysis*

Under Penal Code section 1385, subdivision (a), a judge "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." In *Romero*, *supra*, 13 Cal.4th 497, the California Supreme Court " 'held that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in further and of justice" pursuant to . . . section 1385[, subdivision] (a).' [Citation.] [The court] further held that '[a] court's discretionary decision to dismiss or to strike a sentencing allegation under section 1385 is' reviewable for abuse of discretion. [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*), quoting *People v. Williams* (1998) 17 Cal.4th 148, 158.)

Following *Romero*, our Supreme Court in *Carmony*, *supra*, 33 Cal.4th at page 374, addressed whether a trial court's decision *not* to dismiss a prior strike conviction pursuant to section 1385 is reviewable for abuse of discretion, and concluded "that a court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." The court then explained that, "[i]n reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing

6

decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at pp. 376-377.)

The *Carmony* court described the "stringent standards that sentencing courts must follow in order to find such an exception, including the consideration of " 'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.] [¶] Thus, the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.

"In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances. For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss. . . . [¶] But '[i]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations. [Citation.] . . . [Citation]. Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record,

the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony*, *supra*, 33 Cal.4th at pp. 377-378.)

In this case, appellant argues that the court abused its discretion in failing to conclude that the circumstances of the current and prior offenses, as well as appellant's background, character, and prospects, warranted striking the prior strike conviction.

First, as to the current offense, appellant asserts it was merely "a low-grade felony which could have been charged as a misdemeanor." The record reflects, however, that on Halloween night, appellant, who was admittedly under the influence of alcohol and methamphetamine, suddenly reversed his SUV and struck a four-year-old child, throwing him into the street. After stopping momentarily, appellant sped away across the lawn. It is reasonable to infer from these facts that either appellant knew he had hit a child, left the scene, and thereafter falsely told the probation officer that he did not know he had hit a child or, as the trial court found, that he was so intoxicated that he did not know he had hit a child. Although the child did not suffer severe injuries, he was thrown into the street, suffered pain from his minor head injury, and required testing at the hospital to ensure that there were not more serious injuries. Moreover, as respondent observes, that the child was not more seriously injured was only a matter of luck. These facts support the court's finding that the crime demonstrated appellant's "danger to society" and do not support appellant's claim that the offense was a minor or petty one. (Compare *People v. Bishop* (1997) 56 Cal.App.4th 1245, 1247-1248 (*Bishop*) [trial court did not abuse its discretion in dismissing 50-year-old defendant's prior strike conviction where current conviction was for petty theft].)[3]

_____

[3] Appellant's reliance on *Bishop* is misplaced, not only because it is distinguishable from the present case, but also because it predates *People v. Williams*, *supra*, 17 Cal.4th at page 161, in which our Supreme Court discussed the standard that a court must follow in deciding whether to dismiss a prior strike conviction: "whether, in light of the nature and circumstances of his present felonies and prior serious and/or

Second, as to the prior strike conviction, appellant argues that it involved "immature behavior occurring during a falling out with the victim" when appellant was 21 years old. He also asserts that the seriousness of that offense is "tempered" by the fact that the victim wrote a letter expressing the desire that appellant receive drug treatment rather than a prison sentence. The facts underlying the prior strike conviction show that, over the course of several days, appellant repeatedly terrorized his girlfriend and engaged in violent conduct toward her. He also threatened to kill her, which resulted in a conviction for making a criminal threat. Again, we believe the trial court reasonably found that the underlying behavior was violent and the conviction was serious. That the conviction was 10 years old does not negate this finding (see Pen. Code, § 667, subd. (c)(3)), particularly when considered with the circumstances of the current offense and, as discussed, *post*, other factors related to appellant's continuing dangerousness to society.

Third, as to appellant's background, character, and prospects, following his 2004 strike conviction, appellant was at least twice found to be in violation of probation due to his use of drugs and alcohol. In 2008, about six months after his probation was terminated, appellant was convicted of misdemeanor driving under the influence and two months later was found to have violated probation. Thus, as the probation officer stated, appellant's performance on formal probation was "mediocre at best." These facts also demonstrate that, before the current offense, appellant had numerous opportunities to

violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part." (Accord, *Carmony*, *supra*, 33 Cal.4th at pp. 377-378.) *Bishop* did not apply its "distinguishable facts to the applicable standard under *Williams*[.] Instead, the *Bishop* court merely suggested that the nature of the present crime (petty theft) and the remoteness of defendant's prior violent offenses may operate to mitigate his Three Strikes sentence. It never addressed the overall question whether defendant should be deemed to fall outside the scheme's spirit. Moreover, in contrast to the *Bishop* court's focus on the remoteness of the strikes, the Three Strikes law provides that '[t]he length of time between the prior felony conviction and the current felony conviction shall not affect the imposition of sentence.' [(Pen. Code, § 667, subd. (c)(3).)]" (*People v. Strong* (2001) 87 Cal.App.4th 328, 342.)

9

address his long-term alcohol and drug issues and to understand the dangers of driving while under the influence. Finally, one week after committing the present offense, appellant sideswiped another vehicle on the freeway and fled the scene, for which he was convicted of a misdemeanor violation of Vehicle Code section 20002, subdivision (a). As with the previous hit and run, it was only luck that no one was seriously injured.

Appellant points out that he is still young, has been employed fairly steadily between his offenses, and is now ready to tackle his substance abuse through long-term treatment. This prospect of a better future, however, is simply not sufficient, when measured against the weight of appellant's criminal and substance abuse history, to demonstrate that the court acted irrationally or arbitrarily when it refused to strike the prior strike conviction. (See *Carmony*, *supra*,, 33 Cal.4th at p. 377.)

In sum, the trial court reasonably concluded that appellant "has had a continuing course of conduct, which is a danger to the community." This case "is far from [the] extraordinary" situation in which a trial court's failure to strike a strike conviction would constitute an abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

**DISPOSITION**

The judgment is affirmed.

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Miller, J.