Filed 8/25/21  P. v. Thomas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BEN THOMAS,<br><br>    Defendant and Appellant. | D078438<br><br><br>(Super. Ct. No. SCD241793) |

APPEAL from an order of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Michael Pulos and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

In 2012, a jury convicted Ben Thomas of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] making a criminal threat (§ 422), false imprisonment by violence or menace (§ 236), and two counts of vandalism (§ 594, subd. (b)(1)).  Thomas was on probation for a robbery conviction (§ 211) at the time of the offenses.  Thomas admitted suffering that conviction, which was a serious felony prior (§ 667, subd. (a)(1)) and a strike prior (§ 667, subd. (d)).  The trial court sentenced Thomas to an aggregate term of 15 years four months in prison for his current convictions and his earlier robbery conviction.

In 2020, the California Department of Corrections and Rehabilitation (CDCR) recommended that the trial court recall Thomas's sentence and resentence him under section 1170, subdivision (d).  The court set a status conference and appointed counsel for Thomas.  After the status conference, the court declined to recall Thomas's sentence.  Thomas filed a motion for reconsideration, which the court denied.

Thomas appeals.  He contends the court abused its discretion by declining to recall his sentence.  We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Based on his probation report, the facts underlying Thomas's 2012 convictions are as follows:  Thomas was standing in traffic in downtown San Diego.  He walked up to a stopped car, began yelling and screaming, and kicked the car door.  The victims were frightened and drove away.  Later, Thomas approached a different car, jumped on its hood, and kicked off the driver's side mirror.  That victim also drove away and stopped at a nearby gas station for help.  Thomas ran toward the victim, pushed her to the

---

[1]     Subsequent statutory references are to the Penal Code.

2

ground, straddled her, and said, " 'You should fuck me!' "  He hit the victim several times, got up, and walked away.  After the victim stood up, Thomas threw a rock at her, hitting her in the face.

At sentencing, the court considered a statement from the injured victim, as well as psychological evaluations of Thomas and letters of support. In pronouncing sentence, the court explained, "This is a case in which the defendant is not just one person.  He appears to have a side that causes people to like him, appreciate him, feel that he has good within him.  He also displays a side in which he commits multiple crimes, he commits acts of violence, he minimizes and denies what he's done, so he's a complicated person.  [¶]  The main, I think, issue before the court is whether the . . . circumstances related to mental issues and the positive things that he's done . . . in his church and that sort of thing, justify tempering the punishment that he should receive for this case.  In my view, the picture I see of this defendant is that he is a person who is a danger to society.  He has engaged in acts of terrorizing victims and scarring them for life[.]  He has other acts that he hasn't been charged with, where he's been pepper sprayed on multiple occasions, I think indicating a serious problem in controlling his behavior."  The court believed Thomas was engaged "in increasing levels of violence," and it had "no confidence at all that [Thomas] is safe on the streets."

As noted, the court sentenced Thomas to an aggregate term of 15 years four months.  For the current convictions, the sentence was eight years for the assault conviction (the middle term of four years, doubled) and one year four months for one vandalism conviction (one-third the middle term of two years, doubled), along with several concurrent terms.  For the earlier robbery conviction, the sentence was three years for the offense itself (the middle

3

term) plus one year for a personal use weapons enhancement, both to be served concurrently. The court also imposed a one-year prison prior enhancement and a five-year prior serious felony enhancement. The court denied Thomas's request to dismiss his strike prior under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

Years later, in its letter, the CDCR recommended that the court recall Thomas's sentence and resentence him. The basis for its recommendation was newly-enacted legislation that allowed a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (See Stats. 2018, ch. 1013, § 2; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) At the time of Thomas's sentencing, the court did not have discretion to consider such a dismissal. (See former § 1385, subd. (b).) Among other things, the CDCR attached to its letter Thomas's prison assignment history showing work as a companion dog trainer, porter, and gardener, as well as college course work and anger management classes. The CDCR also attached a statement showing that no rules violation reports had been found.

The trial court appointed counsel for Thomas and set "an initial status conference to determine whether the court should exercise its discretion to recall defendant's sentence." After the status conference, the court issued a written order declining to recall Thomas's sentence. It wrote, "The information about defendant's postconviction conduct included with the [CDCR's] letter does not justify the setting of a hearing. He has engaged in some training, including college classes, and taken a couple of anger management courses. He has stayed out of trouble while incarcerated. While that is all positive, it does not come close to justifying a hearing to reduce his sentence by approximately [one-third]. Nothing was presented in the status conference to indicate there is significant missing information for the court to

4

consider. The conduct for which defendant was convicted included terrorizing multiple victims. He chased one victim, knocked her down, straddled and held her on the ground, shouted threats which indicated sexual assault was on his mind, and eventually threw a rock that hit her in the face." The court noted that Thomas had "already received several breaks when it came to sentencing," including the middle term for his assault conviction (rather than the upper term) and concurrent terms rather than consecutive terms for several other convictions. It concluded, "The sentence imposed was fully justified by all relevant facts and circumstances, and there is no reason to believe a hearing . . . would alter that conclusion."

Thomas filed a motion for reconsideration. He provided additional information regarding his postconviction activities, including a description of the dog training program (New Life K9s) and a laudatory report from a correctional officer describing his "respectful, courteous, and appropriate attitude," "consistent work ethic," and "productive and helpful" time in the program. He also attached letters of recommendation from two college course instructors, his college transcript, his associate in arts degree, certificates of completion for various other activities, and additional laudatory reports from activity sponsors.

The court denied the motion for reconsideration. It wrote, "The Court does not find that any of the information or arguments contained in the motion alter the Court's analysis or conclusions in [its earlier order]." Thomas appeals.

DISCUSSION

Under section 1170, subdivision (d)(1), "the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary [of the CDCR] or the Board of Parole

5

Hearings in the case of state prison inmates, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." The statute provides the following guidance: "The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (*Ibid*.)

Section 1170, subdivision (d) "is an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) It "permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment." (*Id*. at p. 463.) In other words, in deciding whether to recall a defendant's sentence, "the trial court may exercise its authority 'for any reason rationally related to lawful sentencing.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210 (*McCallum*).)

"We review the court's order declining to follow the [CDCR's] recommendation for abuse of discretion." (*People v. Frazier* (2020)

6

55 Cal.App.5th 858, 863 (*Frazier*).) As our Supreme Court has explained in an analogous context, "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Thomas first contends the trial court abused its discretion because the CDCR's recommendation was entitled to "considerable deference" and should have led the court to recall his sentence or at least hold a hearing. Thomas is incorrect. "[The CDCR's] recommendation letter is but an invitation to the court to exercise its equitable jurisdiction. [Citation.] It furnishes the court with the jurisdiction it would not otherwise possess to recall and resentence; it does not trigger a due process right to a hearing [citation], let alone any right to the recommended relief." (*Frazier, supra*, 55 Cal.App.5th at p. 866.)

Thomas next contends the court abused its discretion by relying on the circumstances of his offenses because "every prisoner that has been recommended for recall and resentencing has, by definition, committed a felony criminal offense." (Underlining omitted.) But the court did not rely on the mere fact that Thomas had committed a felony offense. The court

examined Thomas's conduct in committing the offenses, which it found weighed against recall and resentencing. The court's consideration of the nature of Thomas's offenses was proper. (See *People v. Bishop* (1997) 56 Cal.App.4th 1245, 1250-1251 [holding that the "number," "nature," and "timing" of a defendant's offenses may operate as factors in aggravation or mitigation, even if the mere fact of prior convictions merely begs the question whether a recidivist offender is entitled to discretionary relief].)

Thomas also asserts that "the trial court prejudged the matter, and essentially took the position that no amount or character of evidence regarding [Thomas's] postconviction conduct could justify relief." The record does not support Thomas's accusation. After receiving the CDCR's recommendation, the court appointed counsel for Thomas and set a status conference. After the conference, it took the matter under submission. The court's written order confirms it reviewed the materials provided by the CDCR and was aware of its discretion under the statute. It declined to exercise that discretion. The reason provided by the court for not ordering a hearing, that "there is no reason to believe a hearing . . . would alter that conclusion," does not reflect prejudgment, as Thomas claims. It reflects the fact that Thomas was not entitled to a hearing and nothing had been presented to justify setting one. The court had already reviewed the information provided by the CDCR, appointed counsel for Thomas, and held a status conference. Similarly, the court's order denying reconsideration does not "confirm the trial court's hostility to and prejudgment of the matter," as Thomas asserts. The court "carefully reviewed and considered" the information and arguments in Thomas's motion. It simply did not find them persuasive. The court was not required to further explain its reasoning. (*Frazier*, *supra*, 55 Cal.App.5th at p. 868.)

8

Lastly, Thomas has not shown the court's decision was an abuse of discretion on the merits. The trial court could reasonably find that Thomas's positive postconviction activities did not justify recalling his sentence in light of the seriousness of his offenses, his criminal history, and the relative leniency of the sentence previously imposed. Contrary to Thomas's suggestion, his undisputed evidence of positive postconviction activities does not require the court to grant relief. (See *Frazier, supra*, 55 Cal.App.5th at p. 866.) The court was entitled to consider the nature of his offenses and any other factor that could influence sentencing generally. (See *Dix, supra*, 53 Cal.3d at p. 463; *McCallum, supra*, 55 Cal.App.5th at p. 210.)

DISPOSITION

The order is affirmed.


GUERRERO, J.

WE CONCUR:



HALLER, Acting P. J.



DO, J.

9