Filed 9/12/23  P. v. Williamson CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CHARLES LEE WILLIAMSON,<br><br>      Defendant and Appellant. | A167671<br><br>(Lake County Super. Ct.<br> No. CR962521) |

Based on his sexual abuse of his daughter, defendant Charles Lee Williamson pleaded no contest to a felony count of forcible lewd or lascivious acts upon a child under 14 years old.  He also admitted a prior strike but reserved the right to seek its dismissal under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).  The trial court denied Williamson's *Romero* motion and sentenced him to 16 years in prison.

Williamson's only claim on appeal is that the trial court erred by denying his *Romero* motion.  We reject this claim and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In April 2022, after Williamson waived his right to a preliminary hearing, the Lake County District Attorney filed an information charging him with seven felony counts of oral copulation or sexual penetration with a child

1

10 years of age or younger and one felony count of forcible lewd or lascivious acts upon a child under 14 years old.[1]  The charges were based on acts against Williamson's teenage daughter, U.W., starting when she was around four years old.  The information also alleged that Williamson had a 1998 conviction for first degree burglary, a serious felony.[2]  (See § 1192.7, subd. (c)(18).)

Under a plea agreement, Williamson pleaded no contest to the count of forcible lewd or lascivious acts for a stipulated midterm sentence of eight years and admitted the prior strike, and the remaining charges were dismissed.  He stipulated to the following factual basis for the plea:  "[O]n or about June 17th, year 2019, through January 3rd, 2020, within the County of Lake, [he] did touch victim U.W. who was 13 years old at the time . . . on her genitalia for his sexual desires.  He used force by holding her down, covering her mouth to keep her from yelling."

As part of the plea agreement, Williamson was allowed to bring a *Romero* motion.  In the motion, Williamson gave several reasons that the prior strike should be dismissed.  The conviction was almost 25 years old, and it was "for a different crime of a different class" than the instant one.  Although he admitted that he "ha[d] not led a crime[-] or incarceration[-]free life in those intervening years," he emphasized his low risk of reoffending, as

---

[1] The first seven counts were brought under Penal Code section 288.7, subdivision (b), and the last count was brought under Penal Code section 288, subdivision (b)(1).  All further statutory references are to the Penal Code.

[2] The strike was alleged under sections 667, subdivision (d), and 1170.12, subdivision (b), based on a prior conviction under sections 459 and 460, subdivision (a).

noted in the probation report.[3]  He also argued that the trial court should consider his "prospects *after* incarceration," since there was a "foundation for dramatic improvement."  As set forth in an accompanying declaration by Williamson's trial counsel, Williamson had "committed himself to sobriety, . . . found the support and love of a committed wife and a religious community," and was "intent upon improving his condition and becoming a positive contributor to society."

At the January 2023 sentencing hearing, Williamson's trial counsel added the point that the victim impact statements from U.W. and her mother were "not totally in contravention" of a more lenient sentence.  Both statements acknowledged that Williamson had a serious drug abuse problem, which played a part in the sexual abuse, and expressed continuing love for him.  The prosecutor responded that Williamson was "the poster child of why this Three Strikes [l]aw exists," since he had numerous criminal convictions between the 1998 strike and the instant one.  As set forth in the probation report, these included several convictions for misdemeanor and felony drug offenses between 2005 and 2013 and convictions for sexual assault in 2015, with the latter resulting in a four-year prison term.

The trial court denied the *Romero* motion and sentenced Williamson to 16 years in prison, consisting of the midterm of eight years for the instant conviction, doubled because of the prior strike.  The court recognized as mitigating factors that the strike was 25 years old, Williamson had a substance abuse problem for decades, and there was a recent "turnabout in his life" for the better.  On the other hand, he had "a long and continuous

---

[3] Williamson scored a -2 on the Static-99R, "an actuarial measure of risk for sexual offense recidivism."  The probation report explained this score meant "his relative risk level is very low risk."

criminal history, the commission of crimes interrupted indeed only by prison terms." Williamson had also repeatedly violated probation and his offenses became increasingly serious over time, with the instant offense being "extremely serious." The court did not "find[] any evidence in the record of significant support for a causal connection between the sex offenses on his record and drug or alcohol use and abuse," and he did not pursue any rehabilitation programs to address his substance-abuse problem. Finally, though Williamson's recent improvement was laudable, the court could not give it "great weight" since he missed many prior "opportunities for the light to have been seen."

## II.
### DISCUSSION

Williamson claims the trial court abused its discretion by denying his *Romero* motion. We are not persuaded.

Under section 1385, subdivision (a), a sentencing court may, " 'in furtherance of justice,' " dismiss a finding that a defendant has a prior strike. (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*); *Romero*, *supra*, 13 Cal.4th at pp. 529–530.) In evaluating a defendant's request to strike a prior strike, a court " 'must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part.' " (*Carmony*, at p. 377.)

We review the denial of a *Romero* motion for an abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 374.) The Three Strikes law, which is " 'intended to restrict courts' discretion in sentencing repeat offenders' . . . [¶] . . . [¶] . . . creates a strong presumption that any sentence that conforms to [its] sentencing norms is both rational and proper." (*Id.* at pp. 377–378.)

4

Thus, "a trial court will only abuse its discretion in failing to strike a prior felony conviction . . . in limited circumstances," such as where it "considered impermissible factors in declining to dismiss" the conviction or where " 'the sentencing norms [of the Three Strikes law] . . . produce[] an "arbitrary, capricious[,] or patently absurd" result' under the specific facts of a particular case." (*Id.* at p. 378.)

Williamson claims the trial court abused its discretion by focusing on the fact he "committed a serious crime" (his sexual abuse of his daughter) while "refus[ing] to find that the drug use . . . caused the charged criminal behavior and explained the intervening crimes." Although there was some indication that Williamson's crimes were related to his substance-abuse problem, the record hardly compelled the conclusion that they were "largely attributable" to drug use. In addition, the court relied on several factors other than the seriousness of the instant offense to deny the *Romero* motion, including Williamson's long and increasingly serious criminal history since the prior strike and his failure to take advantage of earlier opportunities to rehabilitate himself. These factors distinguish this case from the two decisions on which Williamson primarily relies. (See *People v. Avila* (2020) 57 Cal.App.5th 1134, 1140, 1143 [*Romero* motion improperly denied where defendant committed no serious crimes since remote strikes]; *People v. Bishop* (1997) 56 Cal.App.4th 1245 [pre-*Carmony*, affirming dismissal of strikes where current offense was minor].) In short, no abuse of discretion appears.

### III.
### DISPOSITION

The judgment is affirmed.

_____

Humes, P.J.


WE CONCUR:


_____

Banke, J.


_____

Bowen, J.*


*Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Williamson* A167671