Filed 6/10/25  P. v. Lee CA2/8
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JESSIE LEE,<br><br>  Defendant and Appellant. | B335183<br><br>Los Angeles County<br>Super. Ct. No. NA092659 |

APPEAL from an order of the Superior Court of Los Angeles County, Richard Goul, Judge.  Affirmed.

Richard B. Lennon and Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Nicholas J. Webster and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Jessie Lee challenges the trial court's decision not to strike sentencing enhancements totaling 20 years. We affirm because Lee did not demonstrate any abuse of discretion. Code citations are to the Penal Code.

In 2013, Lee agreed to a sentence of 47 years and four months. He pleaded guilty to six counts of robbery (§ 211), covering five separate incidents over four days in June 2012. Lee also pleaded no contest to one count of dissuading a witness from testifying (§ 136.1, subd. (a)(1)). He admitted a personal use firearm allegation (§ 12022.53, subd. (b)); one "strike" under the Three Strikes Law (§ 1170.12, subds. (a)-(d); § 667, subds. (b)-(i)); two prior serious felony convictions (§ 667, subd. (a)(1)); and six prior prison terms (§ 667.5, subd. (b)). The court dismissed one strike in line with the parties' agreement.

Resentencing became available to Lee roughly a decade later after the Legislature largely invalidated one-year prison prior enhancements. (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 397, 399.) Lee filed a motion outlining why the trial court not only should strike his prison priors but also should exercise its discretion under section 1385 to dismiss the 10-year firearm enhancement and the two five-year serious felony conviction enhancements. Lee underscored his stellar prison record, his rehabilitation over the past decade, his age and decreased mobility, and his difficult childhood.

The prosecution agreed the court should strike the prison priors but opposed further relief. The opposition focused on Lee's extensive criminal history and his many acts of violence during the 2012 series of robberies.

The court considered both sides' papers and invited argument at the August 2023 resentencing hearing. It noted Lee

"was facing over 130 years to life" at the time of the original disposition. The court struck the six prior prison terms and nothing more, leaving the remainder of Lee's sentence intact. It acknowledged Lee's good performance in prison but explained that he posed a danger to society and that any further reduction in his sentence was not in the interest of justice. The court pointed to Lee's violent behavior in this case and his use of a weapon.

On appeal, Lee fails to establish this ruling was an abuse of discretion. (See *People v. Campbell* (2023) 98 Cal.App.5th 350, 383 (*Campbell*) [abuse of discretion standard applies].) It was permissible for the court to retain enhancements it felt were needed for public safety without according them great weight. (See § 1385, subd. (c)(2); *People v. Walker* (2024) 16 Cal.5th 1024, 1029.)

Lee does not dispute any of the facts of the underlying robberies outlined in the prosecution's papers, including his use of a gun for each robbery and his violence. He concedes these crimes were "very serious." Lee also does not delve into his earlier convictions for residential burglary, his sustained juvenile petition for murder, or the remainder of his extensive criminal history.

Instead, Lee maintains the court should have given more weight to post-conviction factors showing he was a changed person, such as his exemplary behavior in prison, his efforts at rehabilitation there, and his advancing age (58 at resentencing), as well as "evidence that as a young African-American, [he] was one of several kids raised by a single mom with very few resources." Lee's invitation to reweigh record facts misses the mark. He had the burden to demonstrate error. (See *People v.*

3

*Giordano* (2007) 42 Cal.4th 644, 666, 667.) He failed to do so and failed to demonstrate the court's balancing was so irrational or arbitrary that no reasonable person could agree with it. (See *Campbell*, *supra*, 98 Cal.App.5th at p. 383.)

In arguing the court abused its discretion, Lee relies on *People v. Bishop* (1997) 56 Cal.App.4th 1245 (*Bishop*), which does not help him. *Bishop* noted trial courts have broad discretion under section 1385. (*Id.* at p. 1250.) It affirmed an order dismissing strikes in furtherance of justice for a defendant who faced one count of petty theft. (*Id.* at pp. 1247, 1251.) *Bishop* does not show the trial court abused its discretion in refusing to strike one or more enhancements here, considering Lee's latest string of armed robberies and his recidivism.

*People v. Superior Ct. (Alvarez)* (1997) 14 Cal.4th 968, 977–978, also cited by Lee, similarly underscores the threshold for an abuse of discretion is high—and is unmet here. (See *id.* at p. 981 ["Applying the extremely deferential and restrained standard by which appellate courts are bound in these matters, we find the trial court did not abuse its discretion. Whatever conclusions other reasonable minds might draw, on balance we find the decision tolerable given the court's broad latitude"].)

The court acted within its discretion at resentencing.

///
///

4

**DISPOSITION**

We affirm the trial court's order and the judgment.


WILEY, J.

We concur:


STRATTON, P. J.


MATTHEWS, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.