Filed 10/27/15  P. v. Garza CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUDOLFO TELLO GARZA,<br><br>Defendant and Appellant. | F068425<br><br>(Super. Ct. No. MCR044571)<br><br><br>OPINION |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Christine Vento, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Franson, J.

## INTRODUCTION

Appellant Rudolfo Tello Garza was convicted of committing a forcible lewd act upon a child, a felony (Pen. Code, § 288, subd. (b)(1)).[1]  In addition, the court found true an enhancement allegation based upon a prior conviction for committing a lewd act upon a child (§ 288, subd. (a)), which qualified as a prior serious felony (§ 667, subd. (a)(1)) and a strike under the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The conviction also rendered appellant a habitual sexual offender under section 667.71.

Appellant was sentenced to 50 years to life plus five years.[2]

On appeal, he contends the trial court abused its discretion by refusing to grant a motion to dismiss his prior strike conviction.  We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

During the summer of 2012, John Doe 1 (the victim)[3] and his friend were fishing in a creek in the City of Madera.  The victim was 11 years old and his friend was 10 years old.  Appellant, who was homeless and living at the creek, introduced himself to the boys as Rudy.  Appellant began talking to the boys and at one point, asked the victim to sit with him under the shade of some nearby bushes.

Once there, appellant pulled down the victim's pants and began to rub and squeeze his buttocks.  Appellant then kissed and licked the victim's lips as he continued to rub his buttocks.  The victim attempted to get away but appellant held him down by his shoulders.  The victim called out to his friend for help.  His friend yelled at appellant to

---

[1]　All undesignated statutory citations are to the Penal Code unless otherwise noted.

[2]　The habitual sexual offender statute (§ 667.71, subd. (b)) imposes a prison term of 25 years to life.  The three strikes law (§ 667, subds. (b)-(i)) doubles the base term of the charge, which results in a 25-year prison sentence being increased to a 50-year term.  A conviction for a prior serious felony (§ 667, subd. (a)(1)) adds an additional five-year consecutive sentence.

[3]　The court redacted the name of the victim and the witness, designating them as John Doe 1 and John Doe 2, respectively.

stop and charged at him with a stick. Appellant fled but was subsequently apprehended by police when the boys saw him at a later date and contacted the police.

During police questioning, appellant admitted that he kissed the victim and massaged his buttocks. He explained that the victim told him to stop, but he did not want to. Appellant also told police that he is attracted to young boys, and although he knows it is wrong, he cannot not help himself.

At trial, Armando G. testified to the facts underlying appellant's prior serious felony conviction pursuant to Evidence Code section 1108.[4] In 1989, Armando, then four years old, went to his friend's house. His friend was not home, but appellant invited Armando inside to watch television. Once inside, appellant asked him to take his pants down, as appellant took his own pants down. Appellant fondled Armando's genitals and asked him to bend over. Once Armando did, appellant put his penis inside his anus. Appellant stopped when Armando's uncle knocked on the door looking for Armando.

At sentencing, appellant moved to dismiss his prior strike conviction for committing a lewd act upon a child (§ 288, subd. (a)) pursuant to *People v. Superior Court* (1996) 13 Cal.4th 497 (*Romero*) and section 1385. In denying appellant's *Romero* motion, the trial court explained that the only thing that made the instant conviction less serious than appellant's prior conviction was the presence of another individual who was able to stop appellant, and that appellant would have done far more harm had another person not come to the victim's aid. The court also expressed that it believed appellant was a victim of sexual abuse, but that his experience should have made him aware of the pain and suffering he inflicted upon his victims.

---

**4** Because appellant did not testify at trial, only the facts underlying his conviction were admitted.

# DISCUSSION

Section 1385, subdivision (a), gives the trial court the discretion to strike an allegation that a defendant has previously been convicted of a felony if the dismissal is in furtherance of justice. (*Romero, supra*, 13 Cal.4th at p. 508.) "[T]he order striking such allegations . . . embodies the court's determination that, '"in the interest of justice" [the] defendant should not be required to undergo a statutorily increased penalty which would follow from judicial determination of [the alleged] fact.'" (*Ibid.*)

Under the three strikes law (§ 667), a sentencing scheme is "applied in every case where the defendant has at least one qualifying strike" unless the sentencing court finds that an exception should be made. (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) The unambiguous purpose of the three strikes law "is to provide greater punishment for recidivists." (*People v. Davis* (1997) 15 Cal.4th 1096, 1099.) As a result, the trial court's discretion over whether to strike a defendant's prior conviction is limited. (*Romero, supra*, 13 Cal.4th at p. 530.)

In deciding whether to strike a prior conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review a trial court's decision not to dismiss a prior strike conviction under the deferential standard of abuse of discretion. (*Carmony, supra*, 33 Cal.4th at p. 374.) We will not find abuse unless the trial court's decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) When the record shows the trial court considered relevant factors and acted to achieve legitimate sentencing objectives,

4.

the court's decision will not be disturbed on appeal. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

At trial, appellant moved to dismiss a 1990 felony conviction for committing a lewd act upon a child, arguing that the length of his sentence as a result of his prior conviction would be unjust; that the charged offense is relatively minor in comparison to his prior conviction; that after being released from prison, he would likely be too old to commit crimes if the strike were dismissed; his prior conviction was remote in time in relation to the instant offense; and finally, because of mitigating circumstances, including, his reduced mental capacity and the fact that he was sexually abused as a child.

We find appellant has failed to establish that the trial court's denial of the motion to strike his prior felony conviction was outside the bounds of reason under the facts and the law. We may not find an abuse of discretion unless the decision was so irrational or arbitrary that no reasonable person could agree with it, and here, the trial court's decision was within reason. (*Carmony, supra,* 33 Cal.4th at p. 377.) The trial court considered relevant factors and acted to achieve legitimate sentencing objectives, and we agree with the court's conclusion that appellant falls within the spirit of the three strikes law.

Appellant's probation report bears out an extensive criminal history. His criminal career spans three decades, from a 1979 conviction for misdemeanor assault (§ 240), to his most recent conviction in 2013 for committing a forcible lewd act upon a child (§ 288, subd. (b)(1)). Moreover, he has a 2003 conviction for felony child abuse (§ 273d, subd. (a)), as well as two felony convictions for committing a lewd act upon a child (§ 288, subds. (a), (b)(1)).

Appellant violated his parole or probation on multiple occasions. At the time of the instant offense, he was a registered sex offender and was on parole. During police questioning, he admitted that he is attracted to young boys and that even though he understands it is wrong, he cannot help himself.

While the overarching purpose of striking a prior conviction "is the avoidance of unjust sentences," (*People v. Garcia* (1999) 20 Cal.4th 490, 500), appellant's recidivism and history of violent offenses remove him from the class of defendants who may be deserving of a lesser punishment under the three strikes law. (*People v. Bishop* (1997) 56 Cal.App.4th 1245, 1248, 1251 [upholding the trial court's decision to strike the defendant's prior convictions in light of the age of the prior convictions and the nonviolent nature of his current offense, the theft of six videocassettes].) We also find that the age of appellant's 1990 conviction is not too remote in time to be considered as both his present and prior convictions are for similar charges, committing a lewd act upon a child (§ 288, subds. (a), (b)(1)), and demonstrate a history of recidivism. (*People v. Gaston* (1999) 74 Cal.App.4th 310, 321 [finding the remoteness of the defendant's 17-year-old prior strike was not significant given the defendant's lengthy criminal history].)

Appellant also argues the trial court may have been misled by defense counsel, who mistakenly argued that appellant would be too old to commit crimes after serving 10 years in prison, rather than the actual term of 25 years, if the court granted his *Romero* motion. Absent evidence to the contrary, we will presume the trial court knows and understands the applicable law. (*Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 155.) Finding no evidence that the trial court actually relied on defense counsel's misstatement, we presume the court understood appellant was subject to a 25-year prison term if his *Romero* motion were granted.[5]

Lastly, appellant argues the trial court failed to consider mitigating circumstances in denying his *Romero* motion, including his alcoholism, homelessness, diminished

---

[5]     Accordingly, we reject appellant's argument that he received ineffective assistance of counsel on this basis. Assuming defense counsel's performance fell below an objective standard of reasonableness, no evidence was presented from which we can conclude the trial court relied on defense counsel's error in denying appellant's *Romero* motion. Because it is not reasonably probable the trial court would have granted appellant's motion absent defense counsel's error, we find no prejudice to appellant.

mental capacity and the fact that he suffered sexual abuse as a child. However, the court did discuss the fact that appellant suffered sexual abuse as a child, but it explained that because of his experience, appellant should have understood the pain and suffering he was inflicting upon the victims.

Further, although the court focused its comments on the potential harm of appellant's crime, we do not agree that it failed to consider other potentially mitigating factors. "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary." (*People v. Myers, supra,* 69 Cal.App.4th at p. 310.) Thus, the trial court considered mitigating circumstances, but nonetheless, declined to strike appellant's prior conviction.

A career criminal will not be deemed to fall outside the spirit of the three strikes law absent extraordinary circumstances. (*Carmony*, *supra,* 33 Cal.4th at p. 378.) We find no such extraordinary circumstances here, even considering all potentially mitigating factors. Appellant has a history of committing sex offenses against minors, a particularly vulnerable group of victims, and by his own admission, he is attracted to young boys and feels that he cannot help his behavior. The trial court properly concluded that appellant fell within the spirit of the three strikes law.

We find no abuse of discretion.

**DISPOSITION**

The judgment is affirmed.

7.