Filed 6/15/16  P. v. Rocha CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEJANDRO ANAYA ROCHA,<br><br>    Defendant and Appellant. | H041159<br>(Santa Clara County<br>Super. Ct. No. C1243433) |

Alejandro Anaya Rocha challenges the trial court's denial of his motion to dismiss a prior strike conviction under Penal Code section 1385.[1]  He also assigns error to the imposition of a $10 fine and related penalty assessments.  For the reasons stated here, we will affirm the judgment.

## I.  BACKGROUND

Defendant was charged with first degree burglary (§§ 459, 460, subd. (a); count 1) and petty theft with three or more prior convictions (§ 666, subd. (a); count 2).  The information alleged a prior felony conviction within the meaning of section 667.5, subdivision (b), a serious felony conviction within the meaning of section 667, subdivision (a), and a strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12).  Defendant entered into a negotiated disposition in which he pleaded guilty to the charges and admitted all allegations.  The agreement provided for a maximum sentence of 10 years 4 months, with the opportunity to move to

_____

[1] Undesignated statutory references are to the Penal Code.

have the strike allegation dismissed under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 at the time of sentencing.

The court denied defendant's *Romero* motion and sentenced him to four years on count 1 (the lower term of two years doubled for the prior strike); a 16-month consecutive term on count 2; and a five-year consecutive term on the serious felony allegation, for a total term of 10 years 4 months.[2] It ordered $500 restitution paid to the burglary victim. It imposed fines and fees totaling $550, including and a $10 burglary conviction fine plus penalty assessments of $30 (§ 1202.5).[3]

Defendant appealed from that judgment. He then petitioned the trial court for resentencing under section 1170.18 (Proposition 47) while his appeal was pending. We granted defendant's motion to stay the appeal and issued a limited remand to the trial court to rule on the petition. The petition was granted, defendant's sentence was recalled, and defendant was resentenced to the same four year term on count 1 enhanced by five years for the serious felony allegation, for a total term of nine years. The court reduced defendant's conviction on count 2 to a misdemeanor and imposed a concurrent six-month jail term which it deemed fully served. The court stayed the section 667.5, subdivision (b) enhancement, and it reimposed the original victim restitution, fines, and fees. We have since granted defendant's motion to reinstate the appeal.

---

[2] The court struck the additional punishment for the section 667.5, subdivision (b) enhancement under section 1385.

[3] The penalty assessments related to the section 1202.5 fine total $30. (§ 1464, subd. (a)(1) ($10); Gov. Code, § 76000, subd (a)(1) ($7); § 1465.7, subd. (a) ($2); Gov. Code, § 70372 ($5); Gov. Code, § 76000.5, subd. (a)(1) ($2); Gov. Code, § 76104.6, subd. (a)(1) ($1); Gov. Code, § 76104.7, subd. (a)($3).) The clerk's minutes and abstract of judgment showed $31 in penalty assessments, but the correct $30 amount is reflected on the minutes and abstract prepared after defendant's 2015 resentencing.

## II.  DISCUSSION

### A.  *ROMERO* MOTION

The trial court has the authority under section 1385 to strike a prior conviction allegation brought under the Three Strikes law "in furtherance of justice."  (§ 1385; *Romero*, *supra*, 13 Cal.4th at pp. 529–530.)  In making that determination, the court is required to consider the defendant's constitutional rights and society's interest in a fair prosecution.  (*Romero*, at pp. 530–531.)  "[P]reponderant weight must be accorded to factors intrinsic to the scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects."  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  Circumstances must be extraordinary to deem a career criminal as falling outside the spirit of the Three Strikes law.  (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

We review a trial court's denial of a motion to dismiss an allegation under the Three Strikes law for an abuse of discretion.  (*People v. Carmony*, *supra*, 33 Cal.4th at p. 375.)  The party attacking the sentence has the burden to show that the decision was irrational or arbitrary.  (*Id.* at p. 376.)  Absent that showing, the trial court is presumed to have achieved legitimate sentencing objectives, and its discretionary determination will be upheld.  (*Id.* at pp. 376–377.)  In light of that presumption, an abuse of discretion will be found only in limited circumstances.  An abuse of discretion occurs where the trial court is unaware of its discretion to dismiss, where it considers impermissible factors in declining to dismiss, or where the resulting sentence produces an arbitrary, capricious or patently absurd result under the particular facts of a specific case.  (*Id.* at p. 378.)

#### 1.  Trial Court Proceedings

##### a.  Probation report and recommendations

The probation report showed an extensive criminal record.  Defendant, born in 1980, was convicted of escape (§ 4532, subd. (b)(1), a felony) in 1998 and theft (§ 484, subd (a)) in 2003.  In 2004 he was convicted of misdemeanor second degree burglary

(§§ 459, 460, subd. (b)), failure to provide for a child (§ 270), and carrying a concealed firearm (former § 12025, subd. (a)). He has 2004 felony convictions for second degree burglary (§§ 459, 460, subd. (b)) and petty theft with a prior conviction (§ 666). In May 2005 defendant was sentenced to two years in prison for first degree burglary (§ 459). In October 2006 defendant was arrested for carrying a concealed weapon, and he returned to prison to serve out his term.

In 2009 defendant was convicted of driving with a blood alcohol level greater than the legal limit (Veh. Code, § 23152, subd. (b)), and in 2010 he was convicted of driving on a license suspended as a result of the 2009 conviction (Veh. Code, § 14601.2). In 2010 defendant was convicted of possession of a controlled substance (Health & Saf. Code, § 11350) and, according to the Santa Cruz County Probation Department, he completed a Proposition 36 diversion program for that offense in 2011.

In 2012 defendant committed the instant offenses. In March he and a codefendant burglarized a home in San Jose. They ransacked the residence and loaded the victim's property into the bed of a pick-up truck. The victim, particularly upset over the theft of heirloom jewelry and a hard drive, sought her insurance deductible as restitution. Defendants were identified by DNA from gloves left on the premises. In June defendant was caught stealing razors from Walmart, and in November he was arrested for the March burglary while in possession of a controlled substance.

According to defendant's interview with the probation department, by age 16 he had dropped out of high school, was in a gang, and addicted to heroin. He was able to maintain his sobriety for a period after his release from prison, but in 2009 he was arrested for DUI and in 2012 he started using methamphetamine and heroin. That addiction became fierce, costing him nearly $500 per week. His life spun out of control as he became desperate to support his habit. Defendant expressed remorse for his actions and a desire for substance abuse treatment. He had worked as a truck driver and street

4

sweeper, and he wanted to start his own street sweeping business and be a committed husband and father.

The probation department recommended that defendant serve the maximum negotiated 10 years 4 months sentence based on his long-standing pattern of criminal behavior, and his failure to take responsibility or seek help for his substance abuse.

### b.     Defendant's motion

Defendant urged that the strike allegation should be dismissed for several reasons: Defendant had demonstrated his ability in the past to be a drug-free productive member of society, and with structure he would again be a contributing member of society. He had employment waiting for him upon his release, and he could better support his son, who has special medical needs, both emotionally and financially, with a shorter prison sentence. The strike offense was 10 years old, no one was present during the current burglary, defendant had taken full responsibility for his actions, and he had expressed a serious desire to change his life.

The motion stressed the hardships defendant faced growing up in a poor family and as the younger brother of a gang member. Defendant gravitated to that gang at a young age for protection and started using heroin when he was 16. After high school he distanced himself from the gang and found work as a professional sweeper. He married and worked for Federal Express and later as a distributor for Pepsi. He started using heroin again after Pepsi laid him off, and his marriage ended. Desperately needing money, he committed a residential burglary in 2004 (the strike offense) and went to prison.

After his release, defendant met and married his current wife, participated in methadone treatment, and returned to work as a sweeper. At some point his work conflicted with his ability to attend the methadone clinic. He started using methamphetamine to cope with long work hours and stress, and he lost his job. That lead to more substance abuse.

With structure and a support system, defendant could be a contributing member of society. He intended to work, attend drug treatment, and support his family after his release.

### c. Prosecution's opposition

The prosecution agreed with the probation department's recommendation. It argued that defendant was incapable of maintaining a crime-free life for any extended period of time, that he had demonstrated an inability or unwillingness to rehabilitate in spite of punitive measures and treatment opportunities, and that a lengthy incarceration would serve to protect the community.

### d. Sentencing hearing

Counsel for defendant began his argument by highlighting three cases. *People v. Williams*, *supra*, 17 Cal.4th 148 instructed courts to "factor the particulars of the person's background, character, and prospects." *People v. Garcia* (1999) 20 Cal.4th 490 directed courts to consider the actual length of a defendant's sentence. And *People v. Bishop* (1997) 56 Cal.App.4th 1245 "indicate[d] that even though if someone has prior strikes and they fall within the strikes law, and in a sense they deserve a lengthy sentence, the Court still nonetheless should look at the individual and see if they deserve a lesser sentence still within the scope[] of the sentencing parameters." At that point counsel turned his argument to defendant: "With regards to [defendant's] background, as I indicated in my papers, [defendant] came from a tough background. He's one of six siblings." The court interjected: "You do understand in response to your last comment that the cases also indicate that the Court is not permitted to base a decision on a strike prior based on what I may feel is an excessive sentence." The court continued: "If the Court looks at the sentence involved, the total length of the sentence involved, I can't decide a *Romero* motion based on that alone." Counsel agreed, stating "I don't think that could be the sole factor."

6

Counsel continued, describing defendant's life as he had in his motion. He pressed that defendant's criminal conduct was attributed to drug addiction, his crimes were not violent offenses, and he had family support and job prospects. He urged that seven or nine years, with defendant serving 50 percent of that time, would be an appropriate sentence.[4]

The prosecution maintained its opposition, citing defendant's extensive record, including parole violations, and expressing concern for the public safety when things invariably go poorly in defendant's life.

The court denied the motion, noting that it had read the moving papers and letters written in support of defendant, but it had to consider the bigger picture. It explained that defendant had not learned from his earlier prison commitment; there was "no real washout period" when he had been crime-free following that incarceration. The court continued: Defendant "blame[d] a lot of his problems and his criminal behavior on his drug addiction, I don't think I can really take that into consideration. [¶] He did Proposition 36 once in Santa Cruz, apparently successfully, but it obviously didn't help him kick his habit because he went back to using drugs subsequent to that, as counsel indicated, when things went bad for the family." The court noted the three crimes committed in 2012, one involving loss to a victim. It summarized: "So I think a pattern of criminal conduct was ongoing. I think based on the fact that his conduct is ongoing and seems like every time something goes a little wrong in his life, he turns to crime to solve that problem. I think that based on all these factors I cannot say -- and also you indicated he has jobs waiting, but he doesn't have a job currently. He didn't have a job when this crime was committed or when he was incarcerated. Hopefully, he will have a

---

[4] Defendant's burglary conviction carried a sentence of two, four, or six years (§ 461, subd. (a)) with eligibility for 50 percent work and conduct credits. (§ 2933.) The strike allegation subjected defendant to a doubled prison term, and it reduced his credit eligibility to 20 percent. (§ 1170.12, subd. (a)(5).)

job waiting when he gets out of prison, but I can't say looking at his history that his prospects are excellent. [¶] Hopefully things will work out after this prison commitment. I will say that I have considered this. I have spent a lot of time thinking about this, but I just -- I can't, in good conscience, say that this clearly falls outside the spirit of the 3 strikes law. This is the type of conduct that the 3 strikes law was enacted to prevent and to rectify[.]"

Counsel interrupted, requesting the court to deem count 2 a misdemeanor under section 17. The court responded: "I'm not inclined to do that [counsel], given all the history. So I think that the sentence that is recommended of 10 years 4 months is the minimum sentence. I am giving him the mitigated term."

### 2. Analysis

Defendant argues that the trial court failed to properly exercise its discretion in determining whether to dismiss his strike conviction. Focusing on selective comments made during the *Romero* hearing, defendant contends that the court "erroneously restricted its consideration of [defendant's] background, and it renounced the overarching consideration of whether the ultimate sentence was just." The record, considered in full, does not support defendant's position.

Defendant points to the court's comment that it could not grant a motion under *Romero* based on the length of sentence alone (which was a correct statement of law) as demonstrating a failure to consider defendant's background. That comment, made just as counsel shifted focus to defendant's upbringing, was a response, as the court itself noted, to counsel's "last comment" about "the cases." The court's comment was clearly directed at counsel's legal recap, not at the reference to coming from "a tough background," as defendant asserts. Nor did it reflect a misimpression by the court that sympathetic factors concerning a defendant's background and social history could not influence its *Romero* calculus. The court considered those factors—indeed, it read defendant's motion and letters of support, listened to counsel's argument, and spent a

8

great deal of time thinking about the motion—but ultimately it felt defendant did not present an extraordinary case warranting deviation from a sentence under the Three Strikes law.

Defendant argues that the court was unaware of its discretion to consider his background, particularly his drug addiction, because it commented "I don't really think I can take that into consideration." But that comment was made after the court had heard and considered defendant's plea for leniency in its entirety. In our view, the court was fully aware of its task to weigh defendant's background, character and prospects against the prosecution's interest in public safety, and it did so. The parties set forth the applicable law in their papers which the court read, and the court did not take any issue with defendant highlighting key language in *Williams* about considering a defendant's background, character, and prospects in ruling on a *Romero* motion. We understand the court's comment only to mean that, in its view, defendant's drug addiction did not warrant deviation from the Three Strikes law sentencing scheme.

Finally, the court's comment that the "minimum sentence" was 10 years 4 months did not reflect a misunderstanding that it lacked discretion to strike defendant's prior conviction without regard to whether the sentence was excessively punitive simply because defendant had engaged in criminal conduct encompassed by the Three Strikes law. In explaining its denial of the *Romero* motion and rejecting defendant's request to reduce count 2 to a misdemeanor, the court merely confirmed its satisfaction with the maximum sentence under the plea agreement—which was also the minimum sentence with the *Romero* motion no longer in play and count 2 fixed as a felony. The comment did not reflect on the court's exercise of discretion in deciding the *Romero* motion, much less suggest any misunderstanding of the law. We find no improper exercise of discretion on this record and no due process violation.

9

**B.      The SECTION 1202.5 FINE AND RELATED PENALTY ASSESSMENTS**

Section 1202.5 directs the trial court to impose a $10 fine on a person convicted of robbery, burglary, or theft provided he or she has the ability to pay the fine.  At the original sentencing hearing, the trial court imposed that fine plus $31 in mandatory penalty assessments, apparently without making an ability to pay determination.  Defendant did not assert an inability to pay or otherwise object to imposition of that fine.

Defendant has forfeited any claimed trial court error related to the burglary conviction fine in light of *People v. McCullough* (2013) 56 Cal.4th 589, 598, which held that a defendant who fails at sentencing to assert his or her inability to pay a fee forfeits the right to challenge the sufficiency of the evidence of his or her ability to pay.  (See also *People v. Trujillo* (2015) 60 Cal.4th 850.)  Still, he presses that counsel at his original sentencing hearing was ineffective for failing to challenge imposition of that fine.

Ineffective assistance of counsel requires a showing that counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced by the deficient performance.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).)  "When a defendant makes an ineffectiveness claim on appeal, the appellate court must look to see if the record contains any explanation for the challenged aspects of representation.  If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation' [citation], the case is affirmed [citation]."  (*People v. Babbitt* (1988) 45 Cal.3d 660, 707.)  Prejudice requires a showing "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."  (*Strickland*, at p. 694.)  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  (*People v. Williams* (1997) 16 Cal.4th 153, 215.)

10

Here we find no deficient performance or prejudice.  Building a record in the most favorable light for a possible appeal, counsel may have made a tactical decision to not challenge a $40 fine.  Indeed, defendant was sentenced immediately following his *Romero* hearing, where he presented himself as a remorseful man who had accepted responsibility for his wrongdoings and wanted to make things right.  Defendant had job prospects, and he intended to work after his release from prison.  Counsel also may have thought an ability to pay claim would have been futile.  There was no indication that defendant would be unable to work in prison, and his restitution, fines, and fees totaling $1050 were not insurmountable, even in light of his family responsibilities.  And defendant has not shown prejudice, because on this record we find no reasonable probability that the court would have found defendant, who had the capacity and incentive to work, unable to pay an additional $40.

### III.  DISPOSITION

The judgment is affirmed.

11

_____

Grover, J.

**I CONCUR:**


_____

Bamattre-Manoukian, Acting P.J.


**I CONCUR IN THE JUDGMENT ONLY:**


_____

Mihara, J.


*People v Rocha*
**H041159**