Filed 10/6/23  P. v. Palmer CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081426 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD292521) |
| FREDERICK JOSEPH PALMER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Arlyn Escalante, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

In August 2021, Frederick Joseph Palmer was ejected from a strip club. Outside, three club employees told Palmer to leave, stating the establishment would be closing in five minutes. Angry at being denied reentry, Palmer punched one of the club's managers in the face, knocking the man unconscious to the ground and breaking four teeth.

Based on this punch, a jury convicted Palmer of assault likely to produce great bodily injury (Pen. Code[2], § 245, subd. (a)(4), count 1) and battery causing serious bodily injury (§ 243, subd. (d), count 2)). As to count 1, the jury found true the allegation that Palmer personally inflicted great bodily injury (§ 12022.7. subd. (a)). At a later bench trial, the court found that Palmer had been convicted in 1993 of aggravated assault causing great bodily injury (§§ 245, subd. (a)(1), 12022.7), supporting the nickel prior and prior strike allegations.

In his sentencing brief, Palmer asked the court to strike the prior strike and nickel prior. (See § 1385, subd. (a); *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529−530.) Noting the underlying conviction was nearly 30 years old, he claimed his subsequent criminal history was not indicative of progressive criminality. In addition, Palmer highlighted that he was unarmed at the time of the incident and cooperated with police who arrived at the scene. Claiming he had never been to a strip club before and did not know the rules, he suggested the assault and battery were an attempt

---

[1]    This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2]    Further statutory references are to the Penal Code.

at self-defense upon being forcefully ejected.  The People opposed the *Romero* motion, citing the serious nature of the unprovoked assault and Palmer's extensive criminal history.

During sentencing, the court commented on the unprovoked, violent nature of the attack and the jury's rejection of self-defense before turning to the *Romero* motion.  "[V]ery mindful that the strike offense was in 1992," the court suggested it would have entertained the motion had Palmer's record been clean since.  Instead, Palmer ultimately served a six year prison term for that conviction.  After release, he had three parole violations and a conviction for "a pretty serious misdemeanor domestic violence case."  These were followed by drug convictions with lengthy prison terms and parole violations.  In the court's view, "[t]here really was not a significant hiatus in criminal activity."  The court did not solely look to whether Palmer had committed other violent felonies in the 30 year gap, but considered his entire criminal history in concluding that *Romero* relief was not appropriate.

Pronouncing its sentence, the court dismissed the nickel prior in the interest of justice.  It imposed a three year middle term on count 1, doubled for the strike.  To this six year term, it added a three year term for the great bodily injury enhancement.  The three year middle term on count 2 was stayed pursuant to section 654.

Palmer appeals the denial of his *Romero* motion to strike the prior strike conviction.  Highlighting the remoteness in time and his mistaken belief in needing to defend himself in this case, he claims he falls outside the spirit of the Three Strikes law.  (See *People v. Cluff* (2001) 87 Cal.App.4th 991, 1001–1004 [remote convictions should have been stricken where present offense did not reveal recidivist tendencies].)  He compares his drug

convictions to those discounted in *People v. Bishop* (1997) 56 Cal.App.4th 1245, 1248.

We are not persuaded. Whereas *Bishop* considered whether a trial court abused its discretion in *striking* two prior convictions, the question here is whether the record *compelled* the court to strike Palmer's prior conviction. We review the denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) Abuse is found where the decision is "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) This occurs, for example, where the trial court was not aware of its discretion to strike a prior conviction or considered impermissible factors. (*Id.* at p. 378.) In determining whether to strike a prior conviction allegation "in furtherance of justice" (§ 1385, subd. (a)), a trial court must "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law] scheme's spirit, in whole or in part, and hence be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Here, the court was aware of its discretion and considered relevant factors, including the nature of the current offense and Palmer's criminal history. The court could reasonably conclude that Palmer's 1993 assault conviction was not too remote given his extensive intervening criminal

4

conduct and significant time in prison.[3]  (See *People v. Mendoza* (2022) 74 Cal.App.5th 843, 857.)  While Palmer recasts his conduct as involving "only one punch . . . under what mistakenly appeared to be circumstances justifying self-defense," the jury was instructed on self-defense and rejected his claim.  No abuse of discretion occurred in denying his motion to strike the prior strike conviction.

## DISPOSITION

The judgment is affirmed.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


KELETY, J.

---

[3]    Palmer was sentenced to formal probation in 1993 for a 1992 gang-related shooting.  Probation was revoked, and he served a six year prison term.  On release in 1996, he committed three parole violations.  In 1998, he was convicted of domestic battery and false imprisonment and sentenced to one year in county jail.  He received a nine year prison term in 2001 for possessing cocaine for sale and giving false information to an officer.  In 2014, two years after his successful discharge from parole, he received another eight year prison term for drug offenses.  The incident in this case happened two years after his discharge on postrelease community supervision.