Filed 12/9/24  P. v. Castro CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GAVINO CASTRO,<br><br>Defendant and Appellant. | F086817<br><br>(Super. Ct. No. BF193900A)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Hill, P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

Defendant Gavino Castro evaded officers and engaged them in a vehicle chase when they attempted to stop him for driving a vehicle with expired registration. A jury convicted defendant of evading a peace officer and evading a peace officer on the wrong side of the road, and the trial court found true that defendant had a prior strike conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12).[1] Thereafter, the trial court sentenced him to prison for an aggregate term of six years.

Defendant appeals his sentence, arguing that the trial court abused its discretion by denying his motion to strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. We reject defendant's claim and affirm the judgment.

## PROCEDURAL BACKGROUND

The District Attorney of Kern County filed an amended information on June 8, 2023, charging defendant with evading a peace officer while having three or more traffic violations (Veh. Code, § 2800.2; count 1), evading a peace officer while driving in a direction opposite from the lawful direction of the highway (Veh. Code, §§ 2800.1, 2800.4; count 2), misdemeanor driving on a suspended license (Veh. Code, § 14601.1, subd. (a); count 3), misdemeanor obstructing a peace officer (§ 148, subd. (a)(1); count 4), and driving an unregistered vehicle (Veh. Code, § 4000, subd. (a); count 5). The amended information also alleged one prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12) and several aggravating sentencing factors, including defendant having numerous prior convictions or sustained petitions in juvenile delinquency proceedings of increasing seriousness, serving a prior prison term, being on probation or parole at the time of the offense, and performing unsatisfactory on probation or parole (Cal. Rules of Court, rule 4.421(b)(2)–(b)(5)).

---

[1] Undesignated statutory references are to the Penal Code.

Defendant pleaded not guilty and denied the allegations as to the original information. After trial commenced, defendant pleaded no contest to counts 3 and 5 and did not object to the amended information.

On June 8, 2023, the jury returned verdicts of guilty on counts 1, 2, and 4. After defendant waived his right to a jury trial regarding his prior strike conviction and aggravating sentencing factors, the trial court found the allegations to be true.

On August 1, 2023, the trial court denied defendant's motion to strike his prior strike conviction and sentenced him to six years as to count 1 (double the upper term of three years pursuant to § 667, subd. (e)), a stayed term of six years as to count 2 (the upper term of three years, doubled pursuant to § 667, subd. (e)), and concurrent terms of 180 days and one year for counts 3 and 4, respectively. The trial court permitted defendant to withdraw his plea on count 5 and dismissed it. The court further ordered defendant to pay a $300 restitution fine (§ 1202.4), a suspended $300 parole revocation restitution fine (§ 1202.45), $120 in court operations assessments (§ 1465.8), and $90 in criminal conviction assessments (Gov. Code, § 70373).

Defendant filed a timely notice of appeal on September 1, 2023.

## FACTS

On March 11, 2023, officers of the Bakersfield Police Department observed defendant driving an unregistered vehicle at approximately 1:00 a.m. The officers activated the lights and sirens on their patrol vehicle to stop defendant's vehicle. Rather than pulling over, defendant continued driving, ran a stop sign, drove the wrong way down a lane of traffic, and then made a U-turn and headed in the opposite direction. Defendant continued driving through a residential area, ignored approximately four additional stop signs, but eventually yielded after officers deployed vehicle spike strips that left only one of defendant's vehicle tires functioning and caused his vehicle to

slow to approximately five miles per hour.  The pursuit had continued for approximately two or three miles and lasted between 30 and 40 minutes.

After stopping, defendant ignored officers' commands to exit his vehicle for approximately 20 minutes but finally complied after officers caused the rear window to shatter.

## DISCUSSION

### I. *The trial court did not abuse its discretion in denying defendant's motion to strike his prior strike conviction.*

#### A. Sentencing Background

According to the probation report and criminal history, defendant was declared a ward of the court for receiving stolen property in 2003 and was continued on probation thereafter despite violations for taking a vehicle without consent, attempted burglary, and drug offenses and other offenses until approximately 2008.  He was convicted of taking a vehicle without consent and driving under the influence and ordered to serve three years on felony probation but, thereafter, sentenced to two years in prison for violating probation in 2009, followed by a parole violation.  Between 2008 and 2012, defendant was convicted of a misdemeanor drug offense and obstructing a public official.  In 2012, defendant was convicted of second degree burglary and obstructing a peace officer and sentenced to three years.  In 2013, defendant was convicted of second degree robbery and sentenced to three years in prison which was extended by 32 months after he was convicted of possessing drugs in prison.  After release in 2018, defendant violated parole and was sentenced to five years in prison in 2020 for possession of a controlled substance for sale and felony evading a police officer.  In 2022, defendant was sentenced for felony taking a vehicle without the owner's consent and misdemeanor spousal abuse.  Additionally, he was convicted of obstructing or resisting an executive officer by use of threat, force, or violence and placed on felony probation.

Defendant filed a written motion inviting the trial court to strike his prior conviction and argued that his criminal history was not "especially violent," consisted primarily of nonviolent offenses and petty drug offenses, and one violent offense of robbery was approximately 10 years old. Because of the remoteness of his one violent felony and the vehicle chase in the instant offense never exceeded speeds of 25 miles per hour, defendant argued that he was outside the spirit of the Three Strikes law. In a written response, the prosecutor argued that defendant's single "strike" conviction combined with a prior felony conviction for evading peace officers (as in the instant case) established that defendant cannot comport his conduct with the law and justified application of the Three Strikes law.

At sentencing on August 1, 2023, the trial court recognized that the pursuit involved in defendant's case was slow in comparison to many other cases but commented that it was still dangerous because defendant failed to stop at several intersections. Additionally, defendant committed the same offense in 2019 and in 2022. In the latter case, defendant was ordered to felony probation after the court struck his prior strike conviction. The trial court concluded that defendant continued to violate the law without consideration of the community's safety and declined to similarly strike the prior strike conviction in this case.[2]

### B. Applicable Law and Standard of Review

Section 1385 grants trial courts discretion to dismiss a prior strike conviction if the dismissal is in furtherance of justice. (§ 1385, subd. (a); *People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at pp. 504, 529–530.) " '… A court's discretion to strike [or vacate] prior felony conviction allegations [or findings] in furtherance of justice is limited. Its exercise must proceed in strict compliance with … section 1385[, subdivision ](a) ….' " (*People v. Williams* (1998) 17 Cal.4th 148, 158, third bracketed

---

[2] Defendant responded to the court's comments and stated, "F[***] the community."

insertion added (*Williams*).) The Three Strikes law "was intended to restrict courts' discretion in sentencing repeat offenders." (*Romero*, at p. 528; accord, *People v. Garcia* (1999) 20 Cal.4th 490, 501 ["a primary purpose of the Three Strikes law was to restrict judicial discretion"].) The Three Strikes law establishes " 'a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike' " unless the sentencing court finds a reason for making an exception to this rule. (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) There are "stringent standards that sentencing courts must follow in order to find such an exception." (*Ibid*.) In order to dismiss a prior strike conviction, "the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.)

A trial court's decision not to dismiss a prior strike conviction is reviewed under the deferential abuse of discretion standard. (*Carmony*, *supra*, 33 Cal.4th at p. 374.) The Three Strikes law establishes that not striking a prior strike conviction is the norm, and there is a "strong presumption that any sentence that conforms to [the] sentencing norm[ ] is both rational and proper." (*Carmony*, at p. 378.) An abuse of discretion is established by demonstrating "that the trial court's decision was irrational or arbitrary. It is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions." (*People v. Myers* (1999) 69 Cal.App.4th 305, 309–310.) "Where the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " we are required to affirm the trial court's ruling, " 'even if we might have ruled differently in the first instance.' " (*Carmony*, at p. 378, first bracketed insertion added.)

## C.    Analysis

Defendant requested that the trial court exercise its discretion to strike the prior strike conviction. Defendant argues that his current offenses were neither serious nor violent, his past record consisted mostly of nonviolent and/or drug-related offenses, and the prior strike was remote in time, having occurred 10 years earlier.

At sentencing, the trial court had reviewed defendant's motion, the prosecution's opposition, and the probation officer's report. The court found that defendant did not fall outside the spirit of the Three Strikes law based upon his prior robbery strike and recent criminal history which included a prior sentence for the same offense in which defendant's strike was not used to increase his sentence. Because declining to strike a prior strike conviction is the "norm," we presume the trial court's decision was proper. (See *Carmony*, *supra*, 33 Cal.4th at p. 378.)

The fact that defendant's prior strike conviction was 10 years old does not convince us otherwise. "In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) No case law compels a judge to strike a prior strike conviction simply based on its age.

Defendant argues that a lengthy criminal history does not preclude the dismissal of a strike, relying on *People v. Bishop* (1997) 56 Cal.App.4th 1245, 1250–1251. We note that the trial court here did not rely exclusively on defendant's lengthy history nor express a belief that defendant's lengthy criminal history precluded an exercise of discretion. Additionally, *Bishop* deferentially reviewed the trial court's act of striking two of the defendant's prior strike convictions and upheld that exercise of discretion. (*Ibid*.) Here, we deferentially review the court's denial of defendant's motion to strike his prior strike conviction. The court here considered the proper criteria in ruling on defendant's motion,

and we may not substitute our own judgment. (*Carmony*, *supra*, 33 Cal.4th at p. 377.) Furthermore, *Bishop* predates *Williams*, *supra*, 17 Cal.4th 148, and consequently did not apply the appropriate standard: whether the defendant should be deemed to fall outside the scheme's spirit.

Defendant also argues that the trial court abused its discretion in declining to strike his prior strike conviction due, in part, to the court's failure to address section 1385, subdivision (c). We decline to find section 1385, subdivision (c)[3] applicable to a motion to dismiss a prior strike pursuant to section 1385, subdivision (a). "Whether the amendments to section 1385 apply to prior strike convictions is a question of statutory interpretation which we review de novo." (*People v. Burke* (2023) 89 Cal.App.5th 237, 242.) *Burke* squarely rejected the application of section 1385, subdivision (c) to the decision whether to dismiss or strike a prior strike conviction because "the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense" and the "plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement." (*Burke*, at pp. 243–244.) Since *Burke*, every court that has addressed the issue has agreed with its holding. (*People v. McDowell* (2024) 99 Cal.App.5th 1147, 1155–1156; *People v. Dain* (2024) 99 Cal.App.5th 399, 410–411, review granted May 29, 2024, S283924; *People v. Olay* (2023) 98 Cal.App.5th 60, 68–69; *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2.) We decline to break with this authority. Because a strike is not considered an enhancement, the trial court was not required to consider section 1385, subdivision (c) in deciding whether to strike defendant's prior conviction.

---

[3]  Section 1385, subdivision (c) sets forth several mitigating factors for consideration in determining whether to dismiss or strike a sentencing enhancement, including: (1) the commitment offense was connected to mental illness (*id*., subd. (c)(2)(D)); (2) the current offense is connected to prior victimization or childhood trauma (*id*., subd. (c)(2)(E)); (3) the current offense is not a violent felony as defined section 667.5, subdivision (c) (*id*., subd. (c)(2)(F)); and (4) the enhancement is based on a prior conviction that is over five years old (*id*., subd. (c)(2)(H)).

The trial court considered relevant factors and acted to achieve legitimate sentencing objectives. While defendant argues that the trial court should have weighed certain factors—the nature of this offense or the remoteness of his prior strike—more heavily than others, this does not establish an abuse of discretion. The trial court was required to weigh the nature and circumstances of defendant's instant offenses (*Williams*, *supra*, 17 Cal.4th at p. 161.) The trial court also properly took the seriousness of the present offenses into account when it declined to strike defendant's prior strike conviction. (See *Williams*, at p. 161 ["preponderant weight must be accorded to … the nature and circumstances of the defendant's present felonies"].)

We conclude that defendant has failed to establish that the trial court's denial of the invitation to strike his prior strike conviction was outside the bounds of reason under the facts and the law. Defendant has failed to show that the trial court was either unaware of its discretion or considered impermissible factors. We cannot say that its ruling was irrational or arbitrary such that no reasonable person could agree with it. The record shows that the trial court considered counsels' arguments as well as defendant's criminal history and his conduct in the instant offense in declining to strike his prior strike conviction. We may not find an abuse of discretion unless the decision was so irrational or arbitrary that no reasonable person could agree with it. And here, it was not. On the record before us, the trial court did not abuse its discretion in deciding that the prior strike conviction and instant offense fell within the spirit of the Three Strikes law.

**DISPOSITION**

The judgment is affirmed.